(*Nashville*, December Term, 1947.)

Opinion filed January 16, 1948.

R. R. Bond, of Memphis, for plaintiff in error.

Nat Tipton, Assistant Attorney-General for the State.

Mr. Justice Prewitt delivered the opinion of the Court.

Defendant, John R. McCommon, was convicted of the offense of fraudulent breach of trust and his maximum punishment fixed at three years in the penitentiary.

Defendant was the operator of a truck line in the city of Memphis. This truck line seems to have been in the habit of handling a great many C. O. D. shipments for various shippers in that town. The business was started in the early part of the year 1946, and at that time a man by the name of Zaner was the bookkeeper. The record discloses that during the time Zaner was bookkeeper the accounts of defendant were in a state of confusion, and he testified that approximately $12,000 in delinquent C. O. D. remittances turned up for the period covered by Zaner's employment.

About December 15, 1946, the defendant employed the State's witness Vanlandingham as his bookkeeper in the place of Zaner and he seems to have kept the books in order.

Defendant maintained two bank accounts in Memphis —one called his ledger account into which went the normal receipts of the business; the order was his C. O. D. account into which was supposed to go the net amount of any C. O. D. charges collected by him and held for the account of the various shippers.

In the early part of March, 1937, there was delivered to the defendant through one of his truck drivers a shipment of tires and tubes at Greenwood, Mississippi, consigned to a Memphis concern with C. O. D. charges of about $2,050. These tires and tubes were duly delivered to the consignee who gave to the defendant a check for something over $2,100, which involved the C. O. D. collection, the charges therefor and other incidental items. Receiving this check, defendant deposited $800 thereof to his general account, approximately $1250 to the C. O. D. account, and the remaining fifty-odd dollars was applied by him to a petty cash account and also to some traveling expenses.

The record indicates that shippers who had sent C. O. D. shipments by the defendant's motor lines were ever after him for their money, and in numerous instances reported his delinquency to the Interstate Commerce Commission division located in Memphis. Defendant seems to have been trying to pay these delinquent claims and sought to pay those creditors who were giving him the most trouble.

Payments to other creditors and other expenses of defendant's business shortly exhausted the $2,050 received by him on this particular shipment, and with the result that Kenan, to whom the money was due, obtained nothing, and this indictment followed for the conversion of these funds. The record shows that the defendant did not abstract any of the funds of his organization, but he merely drew a regular weekly salary from the concern and on some occasions did not take that.

Defendant contends that he knew nothing about the condition of his business but was guided at all times by what Vanlandingham had instructed him with reference thereto. The testimony of Vanlandingham and another

employee was to the effect that when the defendant was informed that Kenan was very insistent upon receiving returns for his shipment, he made the statement that he could not get into more trouble over one large failure to remit than he could a number of small ones. The record reveals that when the defendant was arrested and arraigned in Federal Court upon the charge of collecting funds for interstate C. O. D. shipments and failing to remit, he pleaded guilty thereto.

The theory of the defendant is that since the record fails to show any personal defalcation upon his part, he cannot be held criminally liable because of the lack of intent to defraud.

Defendant was indicted under section 10964 of Williams' Code, which provides as follows:

"The fraudulent appropriation of personal property or money by any one to whom it has been delivered on deposit, pledge, sequestration, or to be carried or repaired, or in whose hands or under whose control it may be by his position as clerk, agent, factor, or bailee, or on any other contract or trust by which he was bound to deliver or return the thing received or its proceeds, is a fraudulent breach of trust."

In *Raine* v. *State,* 143 Tenn. 168, 226 S. W. 189, it was held that the essence of fraudulent breach of trust does not embrace any intent to deprive the owner of his property, and no matter how good the intention of the defendant may be at the time of the misappropriation, he is guilty.

In the present case when defendant received this C. O. D. shipment from Kenan, the prosecutor, and collected therefor upon delivery, he was bound to account to Kenan for the net proceeds of this shipment; and when he failed to do so, he violated the statute quoted above

even though there may not have existed at the time the specific intent to defraud Kenan of his money, or even though the defendant honestly intended to repay the same when able to do so.

In *State* v. *Pratt,* 114 Kan. 660, 220 P. 505, 508, 34 A. L. R. 189, 194, the Supreme Court of Kansas said:

"Appellant offered to show that, because of heavy loans made to some of its directors, the bank of which he was president was hard pressed for funds; that the proceeds from the sale of the bonds and the F. C. Cragg deposit were used for the benefit of the bank, and not for his personal use. These matters do not constitute a defense. The motive which prompted the embezzlement is not material. 20 C. J. 436. The money was applied to the use of appellant, when he used it in the way he wanted to use it. Whether he chose to use it on his personal obligations, or give it to the bank of which he was president, or spend it in riotous living, he directed its disposition, and thereby applied it to his own use."

It appears that defendant received the proceeds of this C. O. D. shipment and applied approximately $800 thereof to the ordinary operating expenses of his business and placed the remainder in his C. O. D. account to be later paid to other creditors. In so doing he made a misapplication of the sum so received by him and converted it to his own use, and this is in substance what the statute denounces. It denounces the reception of the property of another by an agent, factor or bailee, or upon a contract and the subsequent conversion of the thing so received or its proceeds. Good faith and an honest intent to repay at the time of the misappropriation is no defense. *Raine* v. *State, supra.*

It is insisted that the trial court erred in his remarks in connection with the objection made on behalf

of the defendant to his cross-examination. The objection complained of the language of a question on cross-examination to the effect that the defendant owed a duty to the people from whom he was taking money. The objection was to the statement that he was taking money from people and in overruling this, the trial court said that the defendant was taking C. O. D. money, that was certainly taking the money, and that it was in the record that he collected C. O. D. money. However, the record shows without contradiction that at this time the defendant was taking C. O. D. money and collecting therefor; and while the trial court is not permitted to express an opinion upon the facts, this particular fact was undisputed in the record.

We have carefully considered all the assignments of error and find them without merit. The judgment of the lower court is affirmed.

All concur.