Harry Kenneth Norton, Plaintiff in Error,

*v.*

State of Tennessee, Defendant in Error.

397 S.W.2d 183.

(*Jackson,* April Term, 1965.)

Opinion filed December 9, 1965.

Walker Gwinn, Memphis, for plaintiff in error.

George F. McCanless, Attorney General, Marne S. Matherne, Assistant Attorney General, for defendant in error.

Mʀ. Jᴜsᴛɪᴄᴇ Cʀᴇsoɴ delivered the opinion of the Court.

This appeal comes from the Criminal Court of Shelby County, Tennessee. The plaintiff in error, Harry Kenneth Norton, hereinafter sometimes referred to as the defendant, was convicted of fraudulent breach of trust, in excess of $100.00, and was sentenced to confinement in the State Penitentiary for not more than five years.

The defendant duly filed a motion for new trial, which was overruled, timely filed his Bill of Exceptions, and has perfected his appeal in error to this Court.

The narrative Bill of Exceptions reflects that the defendant was first indicted by the Shelby County Grand Jury on September 25, 1964. This was a two-count indictment, charging the offenses of larceny and receiving stolen property. Such charges grew out of the theft of a pistol of the value of $50.00 and the sum of some $274.25 in cash from Jake's 66 Service Station, owned by J. C. Etheridge. On October 22, 1964, the defendant entered a plea of guilty to petit larceny and received a sentence of confinement for not more than three years in the State Penitentiary at Nashville, Tennessee. Shortly thereafter, on October 26, 1964, the defendant moved the Court to

set aside the verdict of the jury and sentence against him and to grant him a new trial on the basis that he had been misinformed in connection with this sentence. After hearing, the Trial Court allowed the defendant to withdraw his prior guilty plea and set aside the judgment of sentence theretofore imposed.

Subsequently, on December 1, 1964, a new four-count indictment was returned by the Shelby County Grand Jury against the defendant, alleging the offenses of (1) fraudulent breach of trust, (2) embezzlement, (3) larceny, and (4) receiving stolen property. Defendant then moved to quash the counts of this latter indictment, relating to fraudulent breach of trust, embezzlement, and receiving stolen property, and sought to limit the issue to defendant's guilt of petit larceny. In his supplemental brief filed in this Court on November 1, 1965, counsel for defendant conceded that this motion to quash was not well taken, and likewise conceded that the evidence does not preponderate against the verdict and judgment below. Upon the State's recommendation, a *nolle prosequi* without cost was entered by the Trial Judge on the September 25, 1964 indictment and the case proceeded to trial on the December 1, 1964 indictment.

At the opening of the trial, after the jury was sworn but before any evidence was presented, and outside the presence of the jury, a discussion arose as to the relevancy and competency of evidence that the defendant had theretofore made restitution of the money taken and had paid the value of the pistol to the prosecutor. After considerable argument, the Trial Judge ruled that such testimony was not competent and that counsel for the defense should not question witnesses on this subject. The trial proceeded under this ruling.

At the trial, abundant evidence was presented to establish that the defendant, while keeping the service station of the prosecuting witness, did take for his own purposes the sum of $188.70, which had been entrusted to him for use in the business, together with the sum of $95.47 collected by him from customers during his operation of the business, and a pistol valued at $50.00, left with him by the prosecuting witness and owner of the station. No doubt remains that defendant was not authorized to take the money or the pistol for the purposes for which he took them.

At the conclusion of the trial, the jury found the defendant guilty of fraudulent breach of trust and sentenced him to not more than five years. There was no conviction on any other count in the indictment.

In its Reply Brief, the State unqualifiedly recognized that under the indeterminate sentence law, T.C.A. secs. 40-2707—2710, the defendant's actual sentence is for confinement for a period of not less than three years nor more than five years. (State's Reply Brief, p. 9).

Defendant's original Brief contains three Assignments of Error. These urged (1) that the Trial Court erred in disallowing evidence as to defendant's restitution, (2) that the jury's verdict was so excessive as to indicate passion, prejudice and caprice, and (3) that the Trial Court erred in refusing defendant credit for the full 128 days spent in jail prior to the overruling of his motion for new trial.

██ Both sides of this controversy recognize that the real basis of Assignments of Error I and II is virtually the same; and such matter will be discussed hereinafter without specific reference to such assignments. Follow-

ing publication of the Opinion of this Court in *Stubbs v. State* (1965), 216 Tenn. 567, 393 S.W.2d 150, construing T.C.A. 40-3102, as amended, the State, by Supplemental Brief, concedes that the defendant is entitled to credit on sentence for his time in jail. The judgment against defendant shall be modified in this regard.

In light of the foregoing, it becomes plain that, on this appeal, the real question for decision is the alleged relevancy and competency of the evidence of restitution of the money and payment for the pistol taken by defendant.

Before reaching the fundamental issue, it may be noted that in the Brief filed on his behalf, defendant points out that he was being tried not only on fraudulent breech of trust, but also on embezzlement, larceny, and receiving stolen property. He then takes the position that this involved the question of intent to permanently deprive the true owner of his property and that evidence with respect to defendant's restitution was competent on this issue. The fallacy in this argument lies in the fact that the defendant was acquitted of the three latter charges and convicted only on the count of the indictment charging fraudulent breach of trust. As to the charges of which defendant was acquitted, he could not ask for more.

Upon consideration of prior decisions of this Court in cases involving fraudulent breach of trust, the the rule has been distinctly enunciated that this crime does not embrace the elements of intent or good faith. These prior decisions unqualifiedly state the rule to be that such elements as intent and good faith have no bearing on the question of defendant's guilt. See *Raine v. State* (1920), 143 Tenn. 168, 226 S.W. 189, *McCommon*

*v. State* (1948), 185 Tenn. 613, 207 S.W.2d 333, and *Switzer v. State* (1964), 213 Tenn. 671, 378 S.W.2d 760.

■ Defendant makes no serious question as to the above; but he argues at length that defendant's restitution should be allowed consideration for the purpose of influencing the jury, if it does influence them, to mitigate defendant's punishment. After examination of Tennessee authority on the offense of which defendant stands convicted, we are impressed that the following quote from 32 Am.Jur. 1029 (Larceny—Sec. 117) accurately summarizes the intendment of the Tennessee decisions, as **follows**:

> *"Return of or Payment for Property.*—If the essential elements of the crime are present, it is no defense to a charge of larceny that the defendant has given a note or other contractual obligation which has been accepted by the prosecutor, offers to restore the property or make compensation, or subsequently returns the property, or its equivalent, to the owner. Such return to the owner does not purge the original offense of its criminality, or constitute any defense to a prosecution therefor, *although by virtue of statute* in some jurisdictions, it may mitigate the punishment. Thus, it is sometimes provided by statute that in case the stolen property is returned within a reasonable time and before prosecution is commenced, the offense is thereby reduced from a felony to a misdemeanor.'' (Emphasis added.)

Tennessee has no statute as would authorize the Trial Jury to mitigate punishment on the basis of defendant's restitution. The elements and consequences of the crime of fraudulent breach of trust have been fixed by the

Legislature, in clear and plain terms. It would not be fitting for this Court, as counsel seem to insist, to engraft upon such statutes additions or modifications not justified by the legislative enactment.

After having considered the record, Assignments of Error, Briefs and Arguments, it is our view that the judgment of the Trial Court, modified as herein indicated as to credit for jail time, must be, and is, hereby affirmed. The costs of the cause are assessed against the plaintiff in error.

BURNETT, CHIEF JUSTICE, and WHITE, DYER and CHATTIN, JUSTICES, concur.