IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
April 25, 2001 Session

## STATE OF TENNESSEE v. LISA WHITE

**Direct Appeal from the Criminal Court for Monroe County**
**No. 98-232      R. Steven Bebb, Judge**

**No. E2000-01865-CCA-R3-CD**
**July 27, 2001**

The appellant, Lisa White, a/k/a Lisa Croft, appeals her conviction for aggravated robbery.  On appeal, the appellant challenges the sufficiency of the evidence and alleges she was prejudiced by allegedly improper remarks by the prosecutor during opening arguments.  After a thorough review of the record, this Court disagrees and affirms the appellant's conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

Steven B. Ward, Madisonville, Tennessee, for appellant, Lisa White.

Paul G. Summers, Attorney General & Reporter; Elizabeth B. Marney, Assistant Attorney General; Jerry N. Estes, District Attorney General; and Chalmers Thompson, Assistant District Attorney, for appellee, State of Tennessee.

**OPINION**

**FACTS**

On July 1, 1998, undercover TBI agent Doyle Lewis met with the appellant in Monroe County to purchase cocaine.  Agent Lewis had previously purchased cocaine from the appellant. After arriving at the appellant's home, Agent Lewis waited on the porch while the appellant spoke to someone on the phone.  The appellant then informed Agent Lewis that they would go meet her supplier in order to purchase the cocaine.

The appellant then led Agent Lewis, who was unfamiliar with Monroe County, on a circular, indirect route, eventually directing Agent Lewis to stop on a desolate road next to a dense and overgrown wooded area.  After stopping, Robert Hampton emerged from the woods wearing a bulletproof vest and latex gloves and brandishing a shotgun.  Mr. Hampton directed everyone out

of the car and pointed the gun at Agent Lewis. Mr. Hampton then directed the appellant to search Agent Lewis. Eventually, the appellant took $2,000 from Agent Lewis, and she and Mr. Hampton fled into the woods after instructing Agent Lewis that the cocaine could be found in a milk jug just down the road. As Lewis was leaving the scene he looked for the milk jug but did not see one.

On July 5, 1998, the appellant was arrested at her home. She gave two statements to police acknowledging participation in a drug deal, but denying any knowledge of Mr. Hampton's plan to rob Agent Lewis.

On September 23, 1998, the appellant was indicted on one count of aggravated robbery. On March 22, 2000, the appellant was convicted of aggravated robbery. On June 28, 2000, the trial court overruled the appellant's motion for new trial, and notice of appeal was filed on July 27, 2000.

## SUFFICIENCY OF THE EVIDENCE

In her first issue, the appellant contends that the evidence produced by the State at trial is insufficient to support a conviction for aggravated robbery.

When an appellant challenges the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. *State v. Bigbee*, 885 S.W.2d 797, 803 (Tenn. 1994); *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). On appeal, the state is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. *Bigbee*, 885 S.W.2d at 803; *Harris*, 839 S.W.2d at 75. This Court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the defendant demonstrates that the facts contained in the record and the inferences which may be drawn therefrom are insufficient, as a matter of law, for a rational trier of fact to find the accused guilty beyond a reasonable doubt. *State v. Brewer*, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). Accordingly, it is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994).

The appellant contends that the State presented no evidence from which a rational trier of fact could find that she had knowledge of an intent by Mr. Hampton to rob Agent Lewis. The appellant contends that she was in the wrong place at the wrong time, and that she had no intent other than to participate in a sale of cocaine. While the evidence of guilt in this case is not overwhelming, we cannot say that the evidence preponderates in the appellant's favor.

The jury was provided ample evidence to infer that the appellant was not just an unwilling pawn of Mr. Hampton in the aggravated robbery. First, she led Agent Lewis to the deserted area where Mr. Hampton lay in wait. She physically took the money from Agent Lewis, and after the commission of the robbery, the appellant and Mr. Hampton fled together. Additionally, the appellant admitted in her second statement to police that Mr. Hampton had been a close friend since childhood and that the two were dating.

The jury had the opportunity to hear the audio recording of the robbery that was made from the surveillance equipment that Agent Lewis was wearing. The jury was able to listen to the appellant's voice and decide if Mr. Hampton's actions frightened, surprised, or intimidated the appellant. The jury rejected the defense's theory of the case.

-2-

Viewed in the light most favorable to the state, the facts contained in the record and the inferences which may be drawn therefrom are sufficient, as a matter of law, for a rational trier of fact to find the appellant guilty beyond a reasonable doubt. *Brewer*, 932 at 19. Accordingly, the judgment of the trial court is affirmed.

## IMPROPER ARGUMENT

The appellant next asserts that she was prejudiced by the improper argument of the prosecutor during opening arguments. The relevant portion of the trial transcript reads as follows:

> They were both charged. Bobby Hampton has plead [sic] guilty. Your task today is to decide whether Lisa White, a/k/a Lisa Croft, and I believe she also goes by Lisa Kiser, is guilty or not guilty.

The appellant contends that due to the weak nature of the case against her, the prosecutor's statement regarding Mr. Hampton's guilty plea was extremely prejudicial and warrants reversal of her conviction. We cannot agree. In *Judge v. State*, 539 S.W.2d 340, 344 (Tenn. Crim. App. 1976), the court listed five factors to be considered in assessing the prejudicial effect of an improper argument:.

1. The conduct complained of viewed in context and in light of the facts and circumstances of the case.
2. The curative measures undertaken by the court and the prosecution.
3. The intent of the prosecutor in making the improper statement.
4. The cumulative effect of the improper conduct and any other errors in the record.
5. The relative strength or weakness of the case.

The Court first looks at the improper statement in the context of the case as a whole. In applying the basic principle that the improper statement must be taken in context and weighed in terms of the facts and circumstances of each case the courts have considered whether the remarks were lengthy or repeated, or whether the statement was single or isolated. *Judge*, 539 S.W.2d at 344. The prosecutor is an advocate, and is entitled to pursue his role with thoroughness and vigor, and while the prosecutor's statement was inappropriate, it did not, in the context of the entire trial, prejudice the appellant. See *Id*.

Mr. Hampton's guilty plea was mentioned only once during the trial. Mr. Hampton's plea was not a point of emphasis for the prosecution and seemed to be mentioned out of carelessness. Also, the appellant never denied any of the facts surrounding the robbery. Her sole defense was that she was unaware of any intent to commit the robbery. The fact that Mr. Hampton previously pled guilty to the offense in question was consistent with the appellant's argument that she had no knowledge of Mr. Hampton's intent to commit the robbery.

The second factor to be weighed is the curative measures undertaken by the court and by the prosecution. A trial court's ruling sustaining the defendant's objection to the improper remark and a contemporaneous instruction to the jury may cure any prejudice to the defendant and make an error harmless as a matter of law. *Gaston v. State*, 506 S.W.2d 802 (Tenn. Crim. App. 1973); *French v. State*, 489 S.W.2d 57 (Tenn. Crim. App. 1972); *Cantrell v. State*, 3 Tenn. Crim. App. 434, 463 S.W.2d 145 (1970); *Dishman v. State*, 3 Tenn. Crim App. 725, 460 S.W.2d 855 (1970).

However, an improper statement by the prosecutor made during argument may constitute reversible error despite curative instructions by the trial court. *Judge*, 539 S.W.2d at 345.

In the current case, no objection was made by the defense, and, thus, no curative instruction was given.[1] However, the trial judge did admonish the prosecutor outside the presence of the jury and no further reference to the guilty plea was made. This tactic avoided unnecessarily drawing the jury's attention to the improper argument. Furthermore, during his jury charge, the trial judge properly informed the jury that arguments by the attorneys are not evidence and should not be given the weight of testimony admitted into evidence.

The third factor involves examination of the prosecutor's intent in making the improper statement. While the prosecutor's intent may have been to associate the appellant with her co-defendant, it cannot be said that the prosecutor acted in bad faith. Given the theory of defense presented by the appellant, the guilt of Mr. Hampton was not a point of contention. The prosecutor's statement was careless, but it is likely that he considered Mr. Hampton's guilt immaterial when coupled with the appellant's defense strategy.

Fourth, the cumulative effect of the improper arguments and any other errors in the record must be considered. As stated above, the improper argument in the present case was a brief, isolated incident. After a review of the record, we find there are no other errors in the record that, combined with the improper argument, warrant reversal.

Finally, the relative weakness or strength of the case must be considered in light of the improper argument. As we have previously stated, the prosecution's case for robbery was not a particularly strong one. However, in light of the defense strategy in this case, we find that the statement made by the prosecutor did not affect the jury's determination of guilt. The prosecutor's statement did not consist of anything inconsistent with the appellant's defense strategy.

Applying the reasonable doubt standard required by *Harrington v. State*, 215 Tenn. 338, 385 S.W.2d 758 (1965), we find that the improper statement by the prosecution did not prejudice the defendant and we affirm the judgment of the trial court.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE

---

[1] This lack of an appropriate contemporaneous objection provides sufficient basis to deem this issue waived, nevertheless we have decided to address the merits. *See* Tenn. R. App. P. 36(a); State v. Gregory, 862 S.W.2d 574 (Tenn. Crim. App. 1993).