IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

DECEMBER 1998 SESSION

**FILED**

**May 26, 1999**

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| JAMES E. KENNER, | ) | |
| | ) | |
| Appellant, | ) | No. 01C01-9709-CR-00424 |
| | ) | |
| | ) | Davidson County |
| v. | ) | |
| | ) | Honorable J. Randall Wyatt, Jr., Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| Appellee. | ) | |

For the Appellant:

Robert J. Mendes
Cummins Station, Ste 507
209 Tenth Avenue South
Nashville, TN 37203

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
        and
Timothy Behan
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243-0493

Victor S. Johnson, III
District Attorney General
        and
Nick Bailey
Assistant District Attorney General
Washington Square, 222 2nd Ave. N.
Nashville, TN 37201-1649

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The petitioner, James E. Kenner, appeals as of right from the Davidson County Criminal Court's denial of his petition for post-conviction relief. The petitioner seeks relief from his 1994 convictions for five counts of aggravated burglary and five counts of theft. He was sentenced as a career offender to fifteen years confinement in the Department of Correction for each aggravated burglary conviction and twelve years for each theft conviction. The aggravated burglary sentences were ordered to be served consecutively to each other but concurrently with the corresponding sentences for theft, for a total sentence of seventy-five years. This court affirmed the convictions in State v. James E. Kenner, No. 01C01-9503-CR-00052, Davidson County (Tenn. Crim. App. Feb. 13, 1996). The petitioner now raises the following issues:

> (1) whether his attorney was ineffective on direct appeal for failing to contest the trial court's denial of the petitioner's motion to sever the offenses;
>
> (2) whether his attorney was ineffective on direct appeal for failing to raise the sufficiency of the evidence;
>
> (3) whether the prosecutor's comments during closing argument violated his constitutional rights;
>
> (4) whether the failure of the indictments to state the applicable mens rea violated his constitutional rights and whether his attorney was ineffective for failing to raise the issue on appeal;
>
> (5) whether the reasonable doubt jury instruction violated his constitutional rights; and
>
> (6) whether his convictions are unconstitutional because the jury did not sign the verdict form.

We affirm the trial court's denial of the petition for post-conviction relief.

At the evidentiary hearing, David Baker testified that he represented the petitioner before trial until the petitioner requested that the trial court appoint him another attorney. He said he did not specifically remember discussing the sufficiency of the indictment with the petitioner, but he was sure that he did. He said he conducted

2

discovery and filed a motion to sever the offenses based upon the state's inability to demonstrate that the offenses were part of a common scheme or plan. He said that at the motion hearing, he did not remember the state calling any witnesses; rather, the state relied on legal argument. He said he believed that the petitioner would be prejudiced if the cases were not severed.

Mr. Baker testified that the petitioner was charged with five burglaries. He said that the petitioner was caught at the crime scene of one of the burglaries, but in the other four, the only evidence was the petitioner's fingerprints found at the scene. He testified that the fingerprint evidence was more damaging because there were four sets of fingerprints in four of the offenses as opposed to only one set of fingerprints in the remaining offense. He stated that if he had remained on the case, he would have appealed the trial court's denial of the motion to sever.

On cross-examination, Mr. Baker testified that the petitioner fired him because he could not negotiate a better plea bargain and possibly because the petitioner felt Mr. Baker did not communicate with him. He stated that the plea bargain that was offered by the state involved a lesser sentence than the petitioner received at the sentencing hearing. He testified that the petitioner had prior felony convictions, and he agreed that the petitioner probably knew he was facing a long sentence and wanted an attorney to tell him he would not spend a long time in jail. He said that based on the petitioner's record, he knew the petitioner would likely receive multiple consecutive sentences.

Mr. Baker testified that he knew the burglaries occurred in the same area of town, possibly within one mile of each other, and that they occurred in March, April and May of 1993. He said the methods of entry for each burglary differed because although a door was always kicked open, sometimes it was a front door and sometimes

3

it was a back door. He said that in all five burglaries, a television was taken, and in four of the burglaries, a stereo and VCR were taken. He testified that the petitioner's fingerprints were found at the scene of every burglary. He said that Allen Barrett, an attorney and former FBI fingerprint analyst, examined the fingerprints and concluded that the police correctly matched the fingerprints found at the crime scenes with those of the petitioner.

Monte Watkins testified that he was appointed to represent the petitioner on July 20, 1996. He said he copied Mr. Baker's file and discussed the case with Mr. Baker. He said he thought the fingerprint evidence was the most critical issue, and he met with Allen Barrett and reviewed criminal defense techniques regarding fingerprints. He said he concluded that the petitioner did not have a good chance of prevailing at trial.

Mr. Watkins testified that he did not discuss the sufficiency of the indictment with the petitioner. He said he read Mr. Baker's motion to sever, the state's response, and the trial court's denial of the motion. He said he knew the motion was denied because a common scheme or plan was evidenced by the closeness in location and time of the burglaries. He said the state's response to the motion set forth the addresses and the distances between the burglaries. He said he did not consider appealing the denial of the motion to sever because he did not think it was an appropriate issue. He said he had reviewed hundreds of cases on this issue, and the petitioner's case fit squarely with the cases he had reviewed. He said the petitioner sent three letters to the Board of Professional Responsibility complaining about his lack of communication with the petitioner. He said he sent the petitioner copies of everything and tried to communicate with the petitioner throughout the trial and appeal.

4

Mr. Watkins testified that he did not know what he would have done differently had the cases been severed. He said he did not recall a police report indicating that in one of the burglaries, none of the fingerprints found matched the petitioner's fingerprints. He said he was not aware of police reports indicating that there had been another suspect in the burglaries. He said that if he had been trying the offenses separately, he would have tried to raise the possibility of another suspect, and he would have argued more vigorously that the fingerprints from one of the crime scenes were initially unidentifiable. He said, however, that he did not believe an extensive cross-examination on the fingerprints would have been very helpful because the petitioner's fingerprints had a high number of matching points to the fingerprints found at the burglaries.

On cross-examination, Mr. Watkins testified that he did not have any problems with the petitioner until after the trial. He said that during trial, the petitioner had no requests or objections regarding his performance. Mr. Watkins testified that he discussed with the petitioner the possible sentences and the fact that the petitioner qualified as a career offender. He said the petitioner told him he would rather be tried by a jury than plead guilty and receive thirty years in jail. He said he could not have gotten the offenses tried separately because the trial court had already denied the motion to sever. He said that if, during the course of the trial, the proof had shown no common scheme or plan, he would have asked for a severance, but he said the proof was exactly as the state said it would be.

Mr. Watkins testified that he spoke with Allen Barrett about the fingerprints and that Mr. Barrett said the petitioner's fingerprints matched those found at the scenes. Mr. Watkins said the only thing he would do differently at trial would be to advise the petitioner more strongly that a plea agreement was in the petitioner's best interest, but he said the petitioner would not have accepted a plea agreement.

5

The petitioner testified that he did not recall having any conversations with Mr. Watkins between the trial and his sentencing hearing. He said they never discussed whether evidence would be presented at the hearing, and he said he never spoke with Mr. Watkins about his appeal. He said he did not find out that Mr. Watkins had filed a notice of appeal until he wrote to the Board of Professional Responsibility requesting that Mr. Watkins send him a copy of his file. He said he never discussed the sufficiency of the indictment, severance, fingerprint issues, or prosecutorial misconduct during closing argument with either Mr. Watkins or Mr. Baker.

On cross-examination, the petitioner testified that he could not recall what Mr. Watkins should have done but did not do between trial and sentencing. He said he wanted Mr. Watkins to consult with him about appellate issues, but he could not recall what issues he wanted to raise, other than prosecutorial misconduct. He said he complained to the Board of Professional Responsibility because Mr. Watkins was not representing him properly. He said he did not know if the complaints were dismissed. He said he did not know of anything Mr. Baker could have done that he did not do regarding a severance. He said he did not know of any mitigating evidence that could have been presented at the sentencing hearing that was not presented. He said he was never offered a twenty-five year plea agreement by either attorney, but he could not say that he would have taken the offer. He said he did not know that he was a strong candidate for consecutive sentencing.

Based on the foregoing evidence, the trial court issued a detailed order denying the petition for post-conviction relief. The trial court stated as follows:

> The court . . . observes that counsel addressed the most significant and realistic issue on appeal, the alleged excessiveness of petitioner's sentence. Counsel's actions in this regard were certainly appropriate . . . . Obviously, counsel could have attempted to raise any of the issues now suggested by the petitioner. However, the Court is of the opinion that an appellate challenge to those issues was not adequately supported by the trial record or by the applicable law. Accordingly, the Court cannot say that counsel's decision not

6

to pursue the issues now alleged by petitioner is an indication of deficient performance.

With regard to the severance motion . . . the Court observes that prior counsel . . . diligently pursued the issue. After a hearing on the matter, the Court denied the severance . . . . [Appellate] Counsel reviewed the severance issue closely and concluded that joinder of the offenses was appropriate. In the Court's judgment, Counsel Watkins, based on years of experience as a criminal defense attorney and his understanding of the law and the particular facts of this case, made an informed and reasoned decision not to pursue the issue on appeal, a decision that does not warrant second-guessing by this Court.

Accordingly, the Court observes that the petitioner has produced no credible evidence that counsel's representation on the appeal was deficient or that he suffered any prejudice from any alleged errors by counsel.

. . . .

Next, the Court is of the opinion that the district attorney's remarks during closing arguments regarding witness credibility and the presumption of innocence, although not completely appropriate, when considered in the context of the district attorney's entire argument, were not in any way prejudicial to the outcome of the trial. See Judge v. State, 539 S.W.2d 340, 343 (Tenn. Crim. App. 1976).

. . . .

Next, the Court recognizes that the use of the term "moral certainty" in conjunction with the term "let the mind rest easily" in defining reasonable doubt comports with state and federal constitutional due process requirements. See State v. Nichols, 877 S.W.2d 722, 734 (Tenn. 1994).

. . . .

Next, with regard to petitioner's challenge of the sufficiency of the indictment, the Court observes that this issue is without merit . . . . The indictment at issue, which tracks the language of the respective statute, is, in this Court's judgment, consistent with the requirements of the law.

## I.  INEFFECTIVE ASSISTANCE OF COUNSEL

The petitioner contends that his attorney was ineffective for not appealing the trial court's denial of the petitioner's motion to sever and for not raising the

7

sufficiency of the evidence. The state contends that the trial court correctly concluded that the petitioner received the effective assistance of counsel. We agree.

Under the Sixth Amendment, when a claim of ineffective assistance of counsel is made, the burden is upon the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72, 113 S. Ct. 838, 842-44 (1993). The Strickland standard has been applied, as well, to the right to counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn.), cert. denied, 493 U.S. 874 (1989).

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court decided that attorneys should be held to the general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases. Further, the court stated that the range of competence was to be measured by the duties and criteria set forth in Beasley v. United States, 491 F.2d 687, 696 (6th Cir. 1974) and United States v. DeCoster, 487 F.2d 1197, 1202-04 (D.C. Cir. 1973), cert. denied, 444 U.S. 944 (1979). Also, in reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982) (counsel's conduct will not be measured by "20-20 hindsight"). Thus, the fact that a particular strategy or tactic failed or even hurt the defense does not, alone, support a claim of ineffective assistance. Deference is made to trial strategy or tactical choices if

8

they are informed ones based upon adequate preparation. See Hellard, 629 S.W.2d at 9; DeCoster, 487 F.2d at 1201.

Also, we note that the approach to the issue of the ineffective assistance of counsel does not have to start with an analysis of an attorney's conduct. If prejudice is not shown, we need not seek to determine the validity of the allegations about deficient performance. Strickland, 466 U.S. at 697, 104 S. Ct. at 2069.

The burden is on the petitioner in the trial court to prove the factual allegations that would entitle him to relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1995). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). In this respect, the petitioner, as the appellant, has the burden of illustrating how the evidence preponderates against the judgment entered. Id.

## A. SEVERANCE

First, the petitioner contends that his attorney was ineffective for failing to challenge on appeal the trial court's denial of the motion to sever. Specifically, he argues that at the motion hearing, the state did not demonstrate a common scheme or plan; thus, his attorney should have raised the issue on appeal.

The petitioner has failed to demonstrate that the evidence preponderates against the trial court's judgment. There is no constitutional requirement that an attorney argue every issue on appeal. Jones v. Barnes, 463 U.S. 745, 750-51, 103 S. Ct. 3308, 3312 (1983); Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993). Attorneys have discretion to make tactical decisions regarding what issues to raise on appeal, and their decisions should not be second-guessed by the appellate courts. Cooper, 849

9

S.W.2d at 747. The petitioner's attorney testified at the evidentiary hearing that he believed the state demonstrated a common scheme or plan by showing that the burglaries occurred over a twelve-week period, that they occurred within one mile of each other and within one mile of the petitioner's residence, that the petitioner used the same method of entry for all of the burglaries, and that the petitioner stole the same type of items. The attorney testified that he reviewed hundreds of cases on this issue and that he concluded that the motion to sever was properly denied. The attorney's decision not to appeal what he viewed to be a meritless issue represents a tactical decision that will not be second-guessed by this court. The petitioner has failed to show that the record preponderates against the trial court's finding of effective assistance.

## B. SUFFICIENCY OF THE EVIDENCE

The petitioner contends that his attorney was ineffective for failing to challenge the sufficiency of the evidence on appeal. He argues that his convictions were based upon circumstantial fingerprint evidence that did not exclude all other reasonable hypotheses except that of guilt. The state contends that the trial court correctly concluded that the petitioner received the effective assistance of counsel. We agree. The attorney made a tactical decision on appeal not to raise the sufficiency of the evidence with respect to the aggravated burglary convictions. In any event, according to the evidence presented at the evidentiary hearing, the petitioner was caught at the scene of one of the burglaries, and his fingerprints were found at all of the burglaries. The petitioner has failed to show that the record preponderates against the trial court's judgment.

## II. PROSECUTORIAL MISCONDUCT

The petitioner contends that he should be granted post-conviction relief because of prosecutorial misconduct during the state's closing argument. He argues that the prosecutor told the jury that the petitioner no longer had a presumption of innocence, that the state's witnesses were telling the truth, that eyewitnesses were not relevant, and information that was not in evidence relating to how most burglaries occur. We conclude that the petitioner has failed to show that the record preponderates against the trial court's determination that the prosecutor's statements did not affect the outcome of the trial to the petitioner's detriment. See Harrington v. State, 215 Tenn. 338, 340, 385 S.W.2d 758, 759 (Tenn. 1965).

Although a transcript of the closing argument was not made a part of the record on appeal, the portions of the closing argument relative to the presumption of innocence and the credibility of the witnesses were read at the evidentiary hearing. With respect to the prosecutor's argument regarding the presumption of innocence, the record from the evidentiary hearing reflects that the prosecutor stated as follows at trial:

> James Kenner was entitled and is entitled to a fair trial. He's entitled to all the Constitutional guarantees that we all have, including [the] presumption of innocence that he had at the beginning of this trial. That's gone. He no longer has [the] presumption of innocence. We've proved that he's guilty beyond a reasonable doubt.

Although we believe the prosecutor's statement was misleading because the presumption of innocence remained with the petitioner until the jury found him guilty, the petitioner has not shown that the argument affected the outcome of the trial. Considering the context of the statement, the circumstances of the case, and the trial court's instruction to the jury that the petitioner still carried the presumption of innocence, the trial court correctly concluded that the argument was not prejudicial to the outcome of the trial. See Judge v. State, 539 S.W.2d 340, 344 (Tenn. Crim. App. 1976).

11

With respect to the prosecutor's statements about the credibility of witnesses, the record from the evidentiary hearing reflects that the prosecutor stated the following at trial:

> Well, you saw these -- all five of these witnesses testified about what was taken, about what they thought it was worth. And there's absolutely nothing put before you during this trial to contradict anything that they said. I guess it's like most crimes, you bring the victim in, and you try to focus on them instead of the person who's charged with the crime, so you can forget about the one who actually caused the problem. These people came in, and they told you what was taken and what they thought it was worth. Some of them even told you that they initially had an item they thought was taken, and it was in the repair shop. And they called the police back and told them that. Ms. Warren told you her jewelry was worth more than she thought it was. These people tried to be honest. They're not in here to lie or to tell anybody anything that's not true.

The petitioner contends that he should have been granted post-conviction relief because of the prosecutor's statement that the state's witnesses tried to be honest and were not at trial to lie. A prosecutor may properly base his or her argument upon inferences supported by evidence in the record, including argument pertaining to the veracity of a witness's testimony. See State v. Brown, 836 S.W.2d 530, 552 (Tenn. 1992); State v. Beasley, 536 S.W.2d 328, 330 (Tenn. 1976). Although a prosecutor is prohibited from expressing a personal opinion on a witness's credibility, he or she may argue based upon an analysis of the evidence and the conclusion supported by the evidence. Tenn. Sup. Ct. R. 8. We do not believe that the statements in the present case, when viewed in context, amount to an improper argument. The statements do not reflect that the prosecutor vouched for the credibility of the witnesses; rather, they reflect the prosecutor's attempt to explain apparent inconsistencies in witness testimony. The petitioner has not shown that the record preponderates against the trial court's judgment.

The petitioner also contends that he should be granted post-conviction relief because (1) the prosecutor stated that eyewitnesses were not relevant, and (2)

12

the prosecutor discussed in closing argument information that was not in evidence about how most burglaries occur. These portions of the closing argument were not addressed at the evidentiary hearing and were not made a part of the record on appeal. The petitioner has the duty to ensure that the record on appeal contains all information needed to convey a fair, accurate and complete account of what transpired relative to the issues being appealed. T.R.A.P. 24. Absent the material portions of the closing argument, we presume that the trial court's determinations and findings of fact are supported. See, e.g., State v. Meeks, 779 S.W.2d 394, 397 (Tenn. Crim. App. 1988).

### III. SUFFICIENCY OF THE INDICTMENTS

The petitioner contends that his constitutional rights were violated because the indictments for aggravated burglary did not allege a culpable mental state, and he contends that his attorney was ineffective for failing to raise this issue on appeal. The state contends that the trial court correctly concluded that the indictments were sufficient. We agree.

The indictments allege that the petitioner "did enter the habitation of [the victims] with the intent to commit theft in violation of Tenn. Code Ann. § 39-14-403, and against the peace and dignity of the State of Tennessee." The indictments track the wording of the statute. We believe that alleging that the entry was with the intent to commit theft inherently implies the mens rea needed for aggravated burglary. Because the indictments are sufficient, we conclude that the petitioner has failed to show that he was prejudiced by his attorney's failure to raise the issue on direct appeal.

### IV. REASONABLE DOUBT JURY INSTRUCTION

The petitioner contends that the trial court's instruction on reasonable doubt violated his constitutional rights. Specifically, he takes issue with the trial court's use of the phrase "moral certainty" in conjunction with "let the mind rest easily." Both

13

this court and our supreme court have held that this instruction is a correct statement of the burden of proof in criminal trials in Tennessee.  See State v. Nichols, 877 S.W.2d 722, 734 (Tenn. 1994); State v. Sexton, 917 S.W.2d 263, 266 (Tenn. Crim. App. 1995); Pettyjohn v. State, 885 S.W.2d 364, 366 (Tenn. Crim. App. 1994).  This issue is without merit.

### V.  VERDICT FORMS

The petitioner contends that his judgment of conviction is unconstitutional because the jury did not sign the verdict forms.  However, the petitioner did not include this issue in his petition for post-conviction relief.  It is well-settled that a post-conviction petitioner may not raise grounds on appeal that were not alleged in the petition for post-conviction relief.  Long v. State, 510 S.W.2d 83, 85 (Tenn. Crim. App. 1974).  Because this issue was not raised in the post-conviction petition, it is not properly before this court on appeal, and we will not review the merits of the allegation.

In consideration of the foregoing and the record as a whole, we affirm the trial court's denial of the petition for post-conviction relief.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
John H. Peay, Judge

_____
Norma McGee Ogle, Judge

14