LAWRENCE A. HARRINGTON

*v.*

STATE OF TENNESSEE.

385 S.W.2d 758.

(*Nashville,* December Term, 1964.)

Opinion filed January 6, 1965.

ROBERT N. SKINNER, PAUL W. COUCH, Nashville, for Lawrence A. Harrington.

GEORGE F. McCANLESS, Attorney General, THOMAS E. Fox, Assistant Attorney General, for the State.

MR. JUSTICE DYER delivered the opinion of the Court.

The defendant, Lawrence A. Harrington, appeals from a conviction of grand larceny for which is received a sentence of not less than three nor more than three years in the State Penitentiary.

Under the view we take of this case it will have to be reversed and remanded for a new trial. Such being the case we will note only the facts necessary to this opinion. Defendant was the Treasurer of an Employee Credit

340

Union and as such he received money from employees to be placed in the bank to the credit of the Union. An audit revealed a shortage in these funds in amount of $2128.07. The conviction is for larceny of these funds.

█ █ The defendant, on cross-examination, admitted he had served time in a Federal Penitentiary for embezzlement. In his opening argument to the jury the Assistant District Attorney General stated, "the defendant was in the pen in 1953 and here he is right back here again for the very same thing." Timely objection to this remark, overruled by the Trial Judge, is assigned here as error. This question on cross-examination of the defendant, acting as a witness for himself, was competent to test his credibility, but it is subject to the limitation that such evidence goes only to its effect on his credibility. *Brooks v. State,* 187 Tenn. 67, 213 S.W.2d 7.

█ █ The argument and conduct of counsel has been discussed by this Court in a number of cases. They are found in Volume 7, Tennessee Digest, Criminal Law, 699-730. The general test to be applied is whether the improper conduct could have affected the verdict to the prejudice of the defendant. We think it does in this case. There arises in our minds a reasonable doubt if this remark would not raise in the minds of the jury this evidence from its proper place of testing the credibility of the defendant to its improper place of having probative effect on the guilt or innocence of defendant under the charge in the indictment.

Reversed and remanded for a new trial.