# JOE SAMUEL KING, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

Court of Criminal Appeals of Tennessee. June 25, 1968.

Certiorari Denied by Supreme Court Sept. 3, 1968.

K. D. McCasland, Jr., Knoxville, for plaintiff in error.

George F. McCanless, Atty. Gen., Lance D. Evans, Asst. Atty. Gen., Nashville, Clarence E. Blackburn, Dist. Atty. Gen., Joseph J. Nigro, Asst. Dist. Atty., Knoxville, for defendant in error.

## OPINION

WALKER, Presiding Judge.

Joe Samuel King, the defendant below, was convicted of armed robbery by a jury in Knox County Criminal Court and sentenced to ten years in the penitentiary.

The prosecutor, Claude Key, was the night attendant at the Payless Service Station in Knoxville. At about 1:00 A.M. on September 3, 1966, two couples drove into the station in a white 1961 Chevrolet automobile with one of the women driving it. The man on the front seat got out and went into the station, where, armed with a small caliber pistol, he demanded and received from Mr. Key $62 in bills. After ordering Mr. Key to get in a closet, he drove off with the others.

Nine or ten days after the robbery, Mr. Key identified the defendant from a lineup at the Knoxville City Jail. He testified positively that the defendant was the man who robbed him.

The defendant did not testify but offered two witnesses to establish an alibi. These witnesses testified that he was playing cards at a friend's home from 11:30 P.M. until 4:00 A.M. on the day in question. This includes the period of the robbery.

Howard Norman Daniels testified in the defendant's behalf that it was he and not the defendant who com-

mitted the crime. At the time of the trial, this witness was in jail on another armed robbery charge. He said that on the day before this robbery he had been drinking a quantity of beer in various taverns and had taken several "Benny" pills; that his car ran out of gasoline, and two girls whom he did not know took him to this service station to get gasoline; that he went inside to get a can and decided to take the money while he was there. After taking the money, he testified that the girls took him back to his car without getting the gasoline, and he went elsewhere for it.

The testimony of this witness conflicts with that of Mr. Key as to the clothes the robber wore, the type of glasses he was wearing and the location of the closet into which Mr. Key was forced by the robber. Mr. Key testified positively that this witness was not the man who robbed him.

The defendant contends that there is no evidence to support the verdict.

■ This assignment must be tested by the rule that the verdict of the jury, approved by the trial judge, accredits the testimony of witnesses supporting the verdict, resolves all conflicts in favor of the theory of the state, and displaces the presumption of innocence and raises a presumption of guilt. A conviction will not be reversed on the facts unless it is shown by the defendant that the evidence preponderates against the verdict and in favor of his innocence. McBee v. State, 213 Tenn. 15, 372 S.W.2d 173; Schweizer v. State, 217 Tenn. 569, 399 S.W.2d 743; Pryor v. State, 217 Tenn. 695, 400 S.W.2d 700.

■ While the defendant presented testimony of an alibi and a witness who admitted the crime, the jury's verdict resolved the conflicts against the theory of the defendant. The evidence does not preponderate against the verdict and in favor of the defendant's innocence. This assignment is overruled.

The defendant assigns as error that the District Attorney General, during the direct examination of the defense witness Daniels, made some remarks which constituted improper and prejudicial conduct, depriving the defendant of a fair and impartial trial.

In the course of Daniels' testimony, the following occurred:

"Q   Were you aware of the fact of what you are saying here today amounts to a confession of a crime?

A   Yes, sir.

Q   Do you know you can be tried for that crime?

GEN. BLACKBURN: Can't be convicted.

MR. McCASLAND: We object to that, your Honor.

THE COURT: Yes, I sustain that objection to the remark. Go ahead and ask him.

GEN. BLACKBURN: He's trying to hoodwink the Jury.

THE COURT: Well, General, let's watch our comments, now.

MR. McCASLAND: We object again, your Honor.

THE COURT: Let's move on, now."

■ These remarks of the District Attorney General were improper and the general test to be applied is whether the improper conduct could have affected the verdict to the prejudice of the defendant. Harrington v. State, 215 Tenn. 338, 385 S.W.2d 758.

■ In this case the trial judge promptly sustained the defendant's objection and reproved the District Attorney General for his remarks. We think that the prejudicial effect of these remarks was eliminated by the action of the trial judge.

We do not think these remarks influenced the verdict or resulted in prejudice to the defendant. Therefore, under T.C.A. Sec. 27-117 we overrule the assignment of error relating to the comments of counsel. See Gamble v. State, 215 Tenn. 26, 383 S.W.2d 48; Morrison v. State, 217 Tenn. 374, 397 S.W.2d 826, 400 S.W.2d 237; 24A C.J.S. Criminal Law § 1902(1).

The judgment of the trial court is affirmed.

We express our appreciation to K. D. McCasland, Jr., of the Knoxville Bar, for his capable representation of the defendant in this court by appointment.

OLIVER and GILLIAM, JJ., concur.