Dan Ford **PICKLE**, Petitioner,

v.

Weldon **COX**, etc., **Respondent.**

Civ. A. No. 2693.

United States District Court,
E. D. Tennessee,
Northeastern Division.

May 5, 1971.

Memorandum Opinion and Certificate
Aug. 17, 1971.

Paul H. Wohlford, Bristol, Tenn., for petitioner.

R. Jackson Rose, Asst. Atty. Gen., Nashville, Tenn., for respondent.

## MEMORANDUM TO COUNSEL

NEESE, District Judge.

In response to this Court's order of April 5, 1971 to show cause why the federal writ of habeas corpus should not issue herein, the respondent asks for a dismissal of the application, claiming that no federal right of the applicant has been violated.

The applicant testified in his own behalf on the trial in which he was convicted of murder in the second degree of his half-brother Mr. Stacy Guy. He admitted the homicide, but pleaded necessary self-defense. He described Mr. Guy as " * * * a pretty mean man * * * " who was " * * * always in trouble with somebody * * *" anywhere he was; and stated he (the applicant) was aware of " * * * things * * * " Mr. Guy " * * * had been into * * * ". Yet, on cross-examination, Mr. Pickle stated: " * * * I loved my brother. Me and him [sic] got along perfect [sic] when we wasn't [sic] drinking. * * * " The evidence also reflected that Messrs. Pickle and Guy resided together and drank alcoholic beverages together.

In his summation to the jury, the prosecuting attorney said:

> * * * You have a man sitting over here [referring to the applicant] who was living with him [the victim], of the same blood, drinking with him; who down through the years had argued with him and fought with him, and he's coming in here and he's telling you, in effect, that this man deserved to die. * * *

The applicant's attorney objected to this, as not being a statement made by the applicant in his testimony. The objection was overruled by the trial judge, and exceptions to such ruling were preserved, as required by Tennessee procedure.

Counsel for each of the parties will submit forthwith through the clerk briefs with authorities on the propositions: (a) whether a substantial federal question is presented; (b), if so, whether any error committed by the trial judge in overruling the applicant's objection to the prosecutor's remarks

was such as deprived the applicant of his federal right to a fair trial, Constitution, Fourteenth Amendment; and (c), if so, whether the error may be deemed harmless beyond a reasonable doubt. On receipt of adversary's memorandum, each counsel may file a supplemental brief within 20 days.

## MEMORANDUM OPINION AND CERTIFICATE

The Court has for further consideration the issues of whether a substantial federal question is presented herein; if so, whether any error committed by the trial judge in overruling the applicant's objection to the prosecuting attorney's remarks to the jury was such as deprived the applicant of his federal right to a fair trial; and if so, whether the error may be deemed harmless beyond a reasonable doubt. See memorandum to counsel of May 5, 1971. Briefs have been filed by counsel for the respective parties, and the time for supplementation of same has expired.

Both counsel rely on United States ex rel. Castillo v. Fay, C.A.2d (1965), 350 F.2d 400. In that case there was an opinion, a concurring opinion and a dissenting opinion.* There, as here, the prosecuting attorney distorted an issue which was to be decided by a jury. There, as opposed to here, however, such distortion was said to have been provoked by remarks of defense counsel. Here, the weightiest comment of the prosecutor allegedly misstated the pertinent evidence, *viz.*, the prosecutor stated to the jurors that the defendant had told them " * * * in effect, that this man deserved to die * * * "; while, in response to a question by the prosecutor as to whether the defendant felt his half-brother (the victim) deserved killing, his response was: " * * * No, no. Nobody deserves killing. * * * "

The Court of Criminal Appeals resolved this issue against the applicant, stating:

\* \* \*

By the defendant's testimony, the deceased was a bully and a violent, turbulent person from whom he had run on many previous occasions. He denied on cross-examination that he thought his half brother deserved to die. The state's view of the evidence was that the defendant left the scene of the difficulty, armed himself and returned and became the aggressor. It contends that the argument was fair comment on the evidence in the case.

Argument must be confined to the record evidence and the inferences which can reasonably and fairly be drawn from it. We think the language objected to was a permissible inference from the evidence and its logic was for the jury to decide. In any event we do not think this argument affected the verdict to the prejudice of the defendant under the rule in Harrington v. State, 215 Tenn. 338, 385 S.W.2d 758.

The reputation of the deceased for violence was properly before the jury and considered by it. After considering all of the proof, including the defense claim about reputation, it found the defendant guilty. See State v. Logan, 224 Tenn. 228, 453 S.W.2d 766 (1970).

On the crucial issue of whether the defendant left the trailer, armed himself and returned to continue the altercation, the jury accepted the state's theory. \* \* \*

Dan Ford Pickle, plaintiff in error, v. State of Tennessee, defendant in error, Tenn.Ct.Cr.App., pp. 3–4, certiorari denied (1971).

 Although the applicant had pointedly stated that he did not think

---

* The gravamen of the dissent was that the accused's rights guaranteed by the Fourth and Fourteenth Amendments to the Constitution were violated by the admission of testimony of a prosecution witness describing the fruits of an illegal search. *Ibid.*, 350 F.2d at 405.

his victim deserved to die, the inference which the prosecutor was apparently suggesting to the jury was that, by his actions and statements, the applicant was, in effect, telling the jury that his victim deserved to die. " * * * Counsel may draw an inference from the evidence although the inference is contrary to other evidence. * * * " 88 C.J.S. Trial § 181, p. 358. " * * * [C]ounsel's urging of an unreasonable inference is not fatal error unless the argument is subject to an objection additional to the objection that it is unwarranted by the record. * * * " *Ibid.*, 88 C.J.S. at 358.

 On the bases of the rationale reflected in the majority and concurring opinions in United States ex rel. Castillo v. Fay, *supra,* the applicant hereby is denied all relief. Rule 58, Federal Rules of Civil Procedure. Should the applicant give timely notice of an appeal, such will be treated as an application also for a certificate of probable cause. The applicant may proceed on appeal in forma pauperis, Rule 24(a), Federal Rules of Appellate Procedure, and his application for such certificate hereby is granted. Rule 22(b), Federal Rules of Appellate Procedure.