**STATE of Tennessee, Respondent,**

v.

**Robert Lee BARKSDALE, Petitioner.**

Supreme Court of Tennessee.

Dec. 10, 1979.

Walker Gwinn, Edward G. Thompson, Shelby County Public Defender, Memphis, for petitioner.

Michael J. Passino, Asst. Atty. Gen., William M. Leech, Jr., Atty. Gen. and Reporter, Nashville, for respondent.

COOPER, Justice.

OPINION

Robert Lee Barksdale was convicted in the Criminal Court of Shelby County of rape and was sentenced to serve thirty years and twenty-nine days in the state penitentiary. The conviction was affirmed by the Court of Criminal Appeals. We granted certiorari to review the holding by the Court of Criminal Appeals that questions asked by the prosecution of a psychiatrist concerning the dangers of the defendant's possible future conduct were not error and, if error, were not prejudicial to the appellant. We have concluded that the questions were improper and were prejudi-

cial. Accordingly, we reverse the conviction and remand the cause for a new trial.

It is undisputed in the record that appellant committed the act which led to his indictment for rape. Appellant's sole defense to the charge was insanity at the time of the act. His proof on this issue consisted of the testimony of Dr. Gene Abel, a professor of psychiatry at the University of Tennessee and a staff psychiatrist at the Memphis Mental Health Institute. Dr. Abel testified that defendant suffers from a mental disease which manifests itself in the form of extreme sexual deviation, and that he was unable to control himself when he committed the rape. During the State's cross examination, the following occurred:

Q. If this jury should find this man not guilty by reason of insanity, can you assure us that he won't go out this afternoon and do it again?

A. MR. SCHATZ: Your Honor, if the Court please,
I think that is improper, and I would —(Interrupted)

MR. AXLEY: He's come as an expert, Your Honor, and this is cross-examination.

MR. SCHATZ: If the Court please, though there is an instruction that will be given as the Court well knows, and as Mr. Axley knows that would cover that event should it come up.

THE COURT: I'm going to overrule you, Mr. Schatz.

BY MR. AXLEY (Continuing Cross-examination):

Q. Would you answer that? Do you want me to ask it again?

\* \* \* \* \* \*

A. I know that I would be reluctant to release him today, because I feel he has a serious sexual problem, and I don't think he has received the treatment for that problem in the past, and I think he does need the treatment for that problem. And, I think if he does not receive the treatment for that problem, the odds are that he would get involved in this sexual behavior again, unless he was treated for it.

Q. And, your treatment is purely voluntarily [sic]?

A. That's correct.

Q. On an outpatient basis?

A. That's correct.

Q. Therefore, he is allowed to walk the streets?

A. That's correct.

The Court of Criminal Appeals was of the opinion the evidence "overwhelmingly supports the jury's verdict" in this case and concluded the testimony of Dr. Abel, though irrelevant, was not a material factor in the jury's decision and was harmless error. We do not agree.

An error may not be deemed harmless where there "is a reasonable possibility that the evidence complained of might have contributed to the conviction." *Fahy v. Connecticut*, 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 17 (1963). Of similar import is *Harrington v. State*, 215 Tenn. 338, 385 S.W.2d 758 (1965), wherein it is pointed out that "The general test to be applied is whether the improper conduct could have affected the verdict to the prejudice of the defendant."

In this case, there never was any doubt that appellant committed rape. He never even challenged this fact, but undertook to prove that at the time of the rape, he was unable to conform his conduct to the law. On this issue, appellant tendered Dr. Abel, who testified that appellant was insane under the *Graham*[1] rule because he was a mentally ill sexual deviate who could not control his actions. In rebuttal, the State called Dr. John Hutson, who basically contradicted the conclusions reached by Dr. Abel, and also called lay witnesses who testified they had "normal" conversations with appellant the day of the crime. The evidence on the issue of insanity being in such sharp conflict, can it be said with the

---

1. *Graham v. State*, 547 S.W.2d 531 (Tenn.1977).

requisite degree of certainty that the testimony of Dr. Abel as to appellant's future conduct, if acquitted of the rape charge on the ground of insanity, was not a factor in the jury's deciding the controversy issue of appellant's sanity?

In *Covey v. State*, 504 S.W.2d 387, 393 (Tenn.Crim.App.1973), the prosecutor told the jury in argument "that if they acquitted on the basis of the County Court records indicating insanity that the defendant could 'go right out of here and kill again . . . and say . . . I have a right to do that because I am insane.'" In sustaining an assignment of error directed to this argument, the court held that "such argument lends nothing to the search for truth the jury must conduct and is highly prejudicial." We think the eliciting of testimony from a psychiatrist called as a witness by the defense to the effect that if appellant is acquitted of the offense of rape "the odds are that [appellant] would get involved in this sexual behavior again, unless he was treated for it" would be even more devastating than the advancement of that thesis in argument by the prosecution as in the *Covey* case, *supra*.

The judgment of conviction is reversed and the case is remanded to the Criminal Court of Shelby County for a new trial.

BROCK, C. J., and FONES, HENRY and HARBISON, JJ., concur.