**STATE of Tennessee, Appellee,**

v.

**Patrick W. HARDISON, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Sept. 18, 1985.

Permission to Appeal Denied by Supreme Court Dec. 2, 1985.

James L. Weatherly, Public Defender, Nashville, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Kevin Steiling, Asst. Atty. Gen., John C. Zimmermann, Asst. Dist. Atty. Gen., Nashville, for appellee.

## OPINION

CORNELIUS, Judge.

Patrick Whitaker Hardison was convicted of burglary in the third degree and sentenced to nine years in the state penitentiary. Hardison is now raising three issues on appeal: (1) that evidence of prior convictions was improperly used to impeach him at trial; (2) the trial court's refusal to grant a mistrial due to an allegedly prejudicial comment made by the prosecutor during direct examination of the appellant; and, (3) the trial court's refusal to grant a mistrial based on allegedly prejudicial comments made by the prosecutor during closing arguments.

Hardison presents no issue as to the sufficiency of the evidence. Therefore, it suffices to observe that at approximately 10:00 a.m. on Saturday, January 14, 1984 the rear entrance of the building at 115 Second Avenue in Nashville, Davidson County, Tennessee was pried open. Witnesses identified Hardison, and co-defendant Larry Robinson, as the two men responsible for the crime. The direct and circumstantial evidence in this record is sufficient for any rational trier of fact to conclude, beyond a reasonable doubt, that the defendant is guilty of this burglary in the third degree. Rule 13(e), T.R.A.P.

Appellant made a motion in limine asking that the State be prevented from using appellant's prior convictions to impeach his testimony. This motion was denied by the trial court. On cross-examination the appellant was questioned about his convictions for petit larceny, burglary in the third degree, attempt to commit a felony, to-wit: burglary, and three counts of shoplifting. Although the appellant admits that Tennessee case law supports the decision of the trial judge, he asks that this Court reconsider its prior rulings.

The Tennessee Supreme Court has adopted Rule 609 of the Federal Rules of Evidence. *State v. Morgan*, 541 S.W.2d 385 (Tenn.1976). Rule 609 has a two-part analysis. Felonies or misdemeanors involving "dishonesty or false statement" are automatically admissible to impeach. Other felonies are admissible only after the court balances the probative value and prejudicial impact of the prior conviction.

In ruling on appellant's motion in limine the trial court held that shoplifting, petit larceny, and burglary are crimes of dishonesty and thus automatically admissible. This is in accord with Tennessee law which states that stealing is a crime of dishonesty. *E.g. State v. Butler*, 626 S.W.2d 6 (Tenn.1981) and *Price v. State*, 589 S.W.2d 929 (Tenn.Cr.App.1979).

The appellant asks this Court to reconsider Tennessee law and follow the majority of federal courts that have construed Rule 609. See Appellant's Brief pp. 16–18. While federal court decisions may provide guidance, they are not binding on this Court. Moreover, although the majority of federal courts construing Rule 609(a)(2) have limited dishonest crimes to crimes involving deceit, those courts are not unanimous. *Compare United States v. Smith*, 551 F.2d 348 (D.C.Cir.1976) with *United States v. Brown*, 603 F.2d 1022 (1st Cir. 1979).

Furthermore, this Court may not change prior holdings of the Supreme Court of Tennessee. Since we find the prior convictions to be properly admissible under 609(a)(2), there is no need to discuss the balancing test of 609(a)(1).

The appellant's next issue charges prejudice due to an allegedly improper comment of the district attorney made during appellant's direct examination. Defense counsel was attempting to elicit an explanation of some damaging comments made by the appellant after his arrest. The prosecutor interrupted stating that he objected "to this manufacturing of testimony ..." Defense counsel then objected to this remark, and the judge issued a cautionary instruction to the jury.

■ The statement of the prosecutor during appellant's direct examination was clearly improper. The proper test for review is "whether the improper conduct could have affected the verdict to the prejudice of the defendant." *Harrington v. State*, 215 Tenn. 338, 385 S.W.2d 758 (1965) and *State v. Lunati*, 665 S.W.2d 739, 748 (Tenn.Cr.App.1983). This Court has outlined a five-part test to determine whether an appellant has been prejudiced. We are to look to:

1. The conduct complained of viewed in context and in light of the facts and circumstances of the case.

2. The curative measures undertaken by the court and the prosecution.

3. The intent of the prosecutor in making the improper statement.

4. The cumulative effect of the improper conduct and any other errors in the record.

5. The relative strength or weakness of the case.

*Judge v. State*, 539 S.W.2d 340, 344 (Tenn. Cr.App.1976).

■ Using the above standard of review, we have determined that there has been no prejudice to appellant caused by the improper remark of the prosecutor. First, the statement was made during appellant's direct examination where defense counsel had time to reply to the remark. The improper remark was a single statement, not a lengthy exposition. The prosecutor did not attempt or give undue emphasis to the remark.

After defense counsel's objection, the court moved quickly to instruct the jury to disregard the statement. Juries are presumed to follow such instructions. *E.g. State v. Smith*, 639 S.W.2d 677, 681 (Tenn. Cr.App.1982).

There is no need for a lengthy discussion of the next two factors. No evidence has been presented which shows bad faith on the part of the prosecutor. And, since we find no other errors in the record, the cumulative effect factor is inapplicable.

As for the last factor, the State presented a strong case of guilt from which the jury could find the appellant guilty beyond a reasonable doubt. Looking at the five factors as set out in *Judge*, we conclude that the improper remark of the prosecutor did not prejudice the appellant. The trial court did not commit error in refusing to grant a mistrial.

 Appellant's final issue alleges three instances of argument wherein the prosecutor strongly indicated that the appellant's prior criminal record was substantive evidence of his guilt. When each of these comments are considered in their full context, none are objectionable. The State was not asking the jury to consider these convictions as evidence of the appellant's guilt. In each instance, the remarks were aimed at the issue of appellant's credibility as a witness, a permissible use of such convictions. *Burns v. State*, 591 S.W.2d 780, 784 (Tenn.Cr.App. 1979). There was no error in the prosecution's closing arguments.

The judgment of the trial court is affirmed.

WALKER, P.J., and SCOTT, J., concur.