IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1999 SESSION

FILED

September 30, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| CHARLES GAYLOR, | * | No. 03C01-9702-CR-00066 |
| Appellant, | * | CAMPBELL COUNTY |
| VS. | * | Hon. James Witt, Judge |
| STATE OF TENNESSEE, | * | (Post-Conviction) |
| Appellee. | * | |

For Appellant:

Kenneth F. Irvine, Jr.
Eldridge, Irvine & Hendricks, PLLC
606 W. Main Street, Suite 350
Post Office Box 84
Knoxville, TN 37901-0084
(on appeal)

Don Elledge, Attorney
Shattuck & Elledge
101 S. Main Street, Suite 300
Clinton, TN 37716
(at trial)

For Appellee:

John Knox Walkup
Attorney General and Reporter

Marvin E. Clements
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
Nashville, TN 37243

William Paul Phillips
District Attorney General
P.O. Box 323
Jacksboro, TN 37757

OPINION FILED:_____

AFFIRMED

GARY R. WADE, PRESIDING JUDGE

The petitioner, Charles Gaylor, appeals the trial court's denial of post-conviction relief. The following issues have been presented for review:

(I) whether the trial court erred in finding that the petitioner received the effective assistance of counsel at trial and on appeal; and

(II) whether the jury instructions at trial on reasonable doubt violated the petitioner's right to due process by the use of the phrases "moral certainty" and "let the mind rest easily."

We find no error and affirm the judgment of the trial court.

In 1991, the petitioner was convicted of first degree murder and conspiracy. The petitioner and several others, including Olen Edward Hutchison, were implicated in the killing of Hugh Huddleston in an effort to collect some $500,000 in insurance death benefits. Hutchison and the petitioner were tried jointly. At trial, Hutchison received the death penalty and the conviction and sentence were subsequently affirmed. State v. Hutchison, 898 S.W.2d 161 (Tenn. 1994). The petitioner received a life sentence for first degree murder and a consecutive ten-year sentence for conspiracy. This court affirmed. State v. Gaylor, 862 S.W.2d 546 (Tenn. Crim. App. 1992). Later, our supreme court denied an application for permission to appeal. On April 22, 1996, the petitioner filed this petition for post-conviction relief alleging, among other things, ineffective assistance of counsel and a violation of due process by the "moral certainty" instruction to the jury. The petitioner was appointed counsel and the petition was amended twice.

The trial court conducted an evidentiary hearing and at the conclusion of the proof ruled, in pertinent part, as follows:

2

Counsel cannot be ineffective for failing to object to proper jury instructions . . . . Trial counsel filed for and sought a bill of particulars, and such a bill of particulars was provided. . . . Closing arguments of the State were proper, supported by the evidence of the trial, or reasonable inferences drawn thereon . . . . Trial counsel made numerous objections to various portions of the arguments and said counsel was not ineffective for failing to preserve, or appeal, issues concerning the State's closing argument . . . . Even if portions of the State's argument were improper, such error would be harmless in view of the overwhelming evidence of the petitioner's guilt.

. . . .

The validity of the jury instruction concerning "reasonable doubt" has been repeatedly upheld by the appellate courts of Tennessee.

I

The petitioner bases his claim of ineffective assistance of counsel on the following:

(1)  counsel's failure to challenge the jury instructions relating to premeditation and deliberation at trial and on appeal; and

(2)  counsel's failure to raise the issue of improper jury argument by the state in the motion for new trial and on appeal.

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, he must first establish that the services rendered or the advice given were below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). Second, he must show that the deficiencies "actually had an adverse effect on the defense." Strickland v. Washington, 466 U.S. 668, 693 (1984). Should the petitioner fail to establish either factor, he is not entitled to relief. Our supreme court described the standard of review as follows:

3

> Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component.

Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996). On claims of ineffective counsel, the petitioner is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy, and cannot criticize a sound, but unsuccessful, tactical decision made during the course of the proceedings. Adkins v. State, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994). Such deference to the tactical decisions of counsel, however, applies only if the choices are made after adequate preparation for the case. Cooper v. State, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Under our statutory law, the petitioner bears the burden of proving his allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). On appeal, the findings of fact made by the trial court are conclusive and will not be disturbed unless the evidence contained in the record preponderates against them. Brooks v. State, 756 S.W.2d 288, 289 (Tenn. Crim. App. 1988). The burden is on the petitioner to show that the evidence preponderated against those findings. Clenny v. State, 576 S.W.2d 12, 14 (Tenn. Crim. App. 1978).

The petitioner's first argument is that his trial counsel should have objected to the definitions the trial court provided the jury on premeditation and deliberation. This trial, however, took place prior to the ruling in State v. Brown, 836 S.W.2d 530 (Tenn. 1992), the case upon which the petitioner bases his claim for relief. See also State v. West, 844 S.W.2d 530 (Tenn. 1992). Brown has not been given retroactive application and has not been a basis for post-conviction relief in

the context of ineffective assistance of counsel. See, e.g., State v. Willie Bacon, Jr., No. 1164 (Tenn. Crim. App., at Knoxville, Aug. 4, 1992); State v. Edwin E. Jesperson, No. 03C01-9602-CC-00058 (Tenn. Crim. App., at Knoxville, Jan. 28, 1997). Thus, the failure of trial counsel to challenge the instruction cannot be a basis for relief.

The petitioner also insists that trial counsel was ineffective for failing to adequately argue the issue of improper closing argument by the state. The petitioner particularly objects to the use of such terms as "hit man," "drug lord," "assassins," "godfather," "ringleader," and "ring of thugs." The prosecutor also referred to the petitioner specifically by using the terms "vulture" and "Judas Goat," and, at one time, compared the petitioner to "a serpent who might beguile and mislead you in a garden . . . ."

Clearly, portions of the argument were intemperate. In context, however, any error in the failure to exclude those parts of summation would not have resulted in the reversal of the conviction or the grant of a new trial. Harrington v. State, 385 S.W.2d 758 (Tenn. 1965). The factors utilized for determining the presence of prosecutorial misconduct are set out in Judge v. State, 539 S.W.2d 340 (Tenn. Crim. App. 1965), as adopted by our supreme court in State v. Buck, 670 S.W.2d 600 (Tenn. 1984):

> (1) the conduct complained of, viewed in light of the facts and circumstances of the case;
>
> (2) the curative measures undertaken by the court and the prosecutor;
>
> (3) the intent of the prosecutor in making the improper statement;
>
> (4) the cumulative effect of the improper conduct and any other errors in the record; and

5

(5)  the relative strength or weakness of the case.

This was a particularly egregious case and the state's evidence against the petitioner was strong.  While the argument was overly metaphorical in many respects, the state proved facts warranting the unfavorable references. Because any deficiency in performance did not affect the results of the trial, the petitioner is not entitled to relief on this ground.  In summary, the evidence does not preponderate against the trial court's finding that the petitioner received the effective assistance of counsel.

II

Petitioner next contends that the jury instructions regarding reasonable doubt entitle him to post-conviction relief.  The instruction given was as follows:

> Reasonable doubt is that doubt engendered by an investigation of all the proof in the case and an inability, after such investigation, to let the mind rest easily as to the certainty of guilt.  Reasonable doubt does not mean a captious, possible or imaginary doubt.  Absolute certainty of guilt is not demanded by the law to convict of any criminal charge, but moral certainty is required and this certainty is required as to every proposition of proof requisite to constitute the offense.

It is the inclusion of the phrases "moral certainty" and "let the mind rest easily" that the petitioner claims is error.  Specifically, he contends that the phrases unconstitutionally lower the standard of proof required to sustain a criminal conviction. Cage v. Louisiana, 498 U.S. 39, 111 S. Ct. 328 (1990).  He argues that when a deficient reasonable doubt instruction is given, it is never harmless error. Sullivan v. Louisiana, 508 U.S. 275, 113 S. Ct. 2078 (1993).

In Cage, the United States Supreme Court held unconstitutional an

instruction equating reasonable doubt with "actual substantial doubt" and "grave uncertainty." The Court held that "[w]hen those statements are then considered with the reference to 'moral certainty,' rather than evidentiary certainty, it becomes clear that a reasonable juror could have interpreted the instruction to allow a finding of guilt based on a degree of proof below that required by the Due Process Clause." Id. at 41, 111 S. Ct. at 329.

In Victor v. Nebraska, 511 U.S. 1, 114 S. Ct. 1239 (1994), the Supreme Court considered the definition of reasonable doubt given in the trial of two criminal defendants from two state courts. Jurors in the first case were told that they must have "an abiding conviction, to a moral certainty, of the truth of the charge" in order to meet the reasonable doubt standard. In the second case, the instruction provided that a reasonable doubt is "an actual and substantial doubt" and that the jury must have "an abiding conviction, to a moral certainty, of the guilt of the accused." The Supreme Court concluded that while they would not "condone" the use of the term "moral certainty," the instructions were distinguishable from those given in Cage because the jurors would understand from the instructions that they were to base their verdict on the evidence rather than other factors which could allow conviction on a standard lower than reasonable doubt. Further, the Court stated that "[i]nstructing the jurors that they must have an abiding conviction of the defendant's guilt does much to alleviate any concerns that the phrase 'moral certainty' might be misunderstood in the abstract." Id. at 19, 114 S. Ct. at 1250.

Here, the petitioner relies upon these Supreme Court decisions in his attack upon the use of the terms "moral certainty" and "let the mind rest easily" in conjunction with the reasonable doubt standard. We are, however, not persuaded that the instructions given in his trial suffered from the same infirmities as the

7

instruction given in Cage. Moreover, the terminology to which the petitioner objects has been specifically approved by this court and by the Tennessee Supreme Court. State v. Nichols, 877 S.W.2d 722 (Tenn. 1994); State v. Sexton, 917 S.W.2d 263 (Tenn. Crim. App. 1995); Pettyjohn v. State, 885 S.W.2d 364 (Tenn. Crim. App. 1994); State v. Hallock, 875 S.W.2d 285 Tenn. Crim App. 1993); State v. Blank, No. 01C01-9105-CC-0139, (Tenn. Crim. App., at Nashville, February 26, 1992). In fact, no Tennessee court has interpreted Cage to require the absolute abandonment of the use of the phrase "moral certainty" in jury instructions used to define reasonable doubt.

The trial court's use of the words "moral certainty," unconnected with any other limiting or expanding adjectives, did not lessen the burden of the state to show guilt beyond a reasonable doubt. Our supreme court has stated as follows:

> When considered in conjunction with an instruction that "[r]easonable doubt is that doubt engendered by an investigation of all the proof in the case and an inability, after such investigation, to let the mind rest easily upon the certainty of your verdict," we find that the instruction properly reflects the evidentiary certainty required by the "due process" clause of the federal constitution and the "law of the land" provision in our state constitution.

Nichols, 877 S.W.2d at 734. We conclude that the instructions in the instant case sufficiently described the standard for the degree of proof required to convict.

Accordingly, the judgment of the trial court is affirmed.

_____
Gary R. Wade, Presiding Judge

CONCUR:


_____
James Curwood Witt, Jr., Judge

8

_____
John K. Byers, Senior Judge