# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Opinion on Remand

## STATE OF TENNESSEE v. JAMES RAE LEWTER

**Direct Appeal from the Circuit Court for Lincoln County**
**No. S0600095    Robert G. Crigler, Judge**

---

**No. M2010-01283-CCA-RM-CD - Filed March 31, 2011**

---

The Defendant-Appellant, James Rae Lewter, was convicted by a Lincoln County jury of burglary and theft of property valued at $1,000 or more but less than $10,000, both Class D felonies. The trial court sentenced Lewter as a Range II, multiple offender to concurrent sentences of eight years at thirty-five percent in the Department of Correction. On direct appeal, Lewter argued: (1) the evidence was insufficient to convict him; (2) the trial court imposed an excessive sentence of eight years in violation of State v. Gomez, 239 S.W.3d 733, 740 (Tenn. 2007); and (3) the State engaged in misconduct during closing arguments. See State v. James Rae Lewter, No. M2007-02723-CCA-R3-CD, 2009 WL 1076716, at *1 (Tenn. Crim. App., at Nashville, Apr. 9, 2009), rev'd, 313 S.W.3d 745 (Tenn. June 4, 2010). Upon initial review, this court, after concluding that the evidence was insufficient to support his convictions, reversed and vacated Lewter's convictions and dismissed the indictment. Id. Following the reversal, the State applied for permission to appeal this court's decision to the Tennessee Supreme Court pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure, and on August 17, 2009, permission to appeal was granted. Upon review, the Tennessee Supreme Court held that "the evidence was sufficient to support a reasonable inference of guilt beyond a reasonable doubt." State v. Lewter, 313 S.W.3d 745, 746 (Tenn. 2010). Consequently, it reversed the judgment of the Court of Criminal Appeals and remanded the case to this court for consideration of the remaining two issues: (1) whether the trial court imposed an excessive sentence in violation of Gomez, 239 S.W.3d at 740; and (2) whether the State engaged in misconduct during closing arguments. See Lewter, 313 S.W.3d at 751. On remand, we conclude that Lewter did not receive an excessive sentence pursuant to Gomez and that the State's remarks during closing argument did not constitute prosecutorial misconduct. Accordingly, as to the issues remanded for our review, the judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as Right; Judgments of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

S. Craig Moore, Fayetteville, Tennessee (on appeal) and A. Jackson Dearing, III and Dorothy Buck, Shelbyville, Tennessee (at trial) for the defendant-appellant, James Rae Lewter.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; Cameron L. Hyder and Elizabeth Bingham Marney, Assistant Attorneys General; Charles F. Crawford, Jr., District Attorney General; and Ann L. Filer and Hollyn Hewgley, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

This case concerns the burglary and theft of a dentist's office in Fayetteville, Tennessee, on January 31, 2006. During the burglary, computer equipment, furnishings, and office supplies were stolen. In addition, a window in the office was broken, papers and office supplies were scattered throughout the office, and numerous objects, including several chairs and a large table were moved out of place.

On March 22, 2007, a jury convicted Lewter of burglary and theft. On May 8, 2007, the trial court sentenced Lewter to an effective sentence of eight years. Lewter timely filed a motion for new trial and an amended motion for new trial, which were denied. On November 8, 2007, Lewter filed a timely notice of appeal.

## ANALYSIS

**I. Excessive Sentence.** Lewter argues that the trial court erred in applying three enhancement factors in violation of Gomez prior to sentencing him to the maximum in his range for both offenses. In response, the State contends that the trial court's application of the enhancement factors in this case did not violate Gomez because Lewter committed the offenses in this case after the June 7, 2005 effective date of the amended Criminal Sentencing Reform Act. In addition, the State erroneously and inaptly asserts that Lewter admits not including this issue in his motions for new trial but argues that the court should address the issue as plain error. A review of the record shows that Lewter argued that his sentence was excessive and contrary to the law in both motions for new trial. In any event, sentencing issues need not be presented in a motion for new trial as a predicate for raising these issues on appeal. See Tenn. R. App. P. 3(e) (failure to raise an issue of error, other than sufficiency of the evidence or sentencing, in a motion for a new trial waives that issue for purposes of appellate review). That said, we agree that Lewter's sentences did not violate Gomez and were not excessive.

On appeal, we must review issues regarding the length and manner of service of a sentence de novo with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d) (2006). Nevertheless, "the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The defendant has the burden of showing the impropriety of the sentence. T.C.A. § 40-35-401(d) (2006), Sentencing Commission Comments. Because the trial court in this case properly considered the sentencing principles and all relevant facts and circumstances, our review is de novo with a presumption of correctness. See Ashby, 823 S.W.2d at 169.

Lewter argues that the trial court violated Gomez because it used judicial fact finding to apply enhancement factors (6), (8), and (13). T.C.A. § 40-35-114(6), (8), and (13) (2006). On June 7, 2005, the Tennessee legislature passed a new sentencing law eradicating presumptive sentences and establishing advisory sentencing guidelines. Under the new sentencing law, the trial court's discretion in sentencing was broadened and the applicable enhancement and mitigating factors were merely advisory, not mandatory. See State v. Carter, 254 S.W.3d 335, 344 (Tenn. 2008). The Compiler's Notes to the amended Tennessee Code Annotated section 40-35-210 (2006) state that the amended act "shall apply to sentencing for criminal offenses committed on or after June 7, 2005." Lewter committed the offenses in this case on January 31, 2006; therefore, he was sentenced under the 2005 amendments to the sentencing act. Accordingly, Lewter cannot claim that the trial court erroneously employed judicial fact finding in its application of enhancement factors because "the trial court is free to select any sentence within the applicable range so long as the length of the sentence is 'consistent with the purposes and principles of [the Sentencing Act].'" Carter, 254 S.W.3d at 344 (citing T.C.A. § 40-35-210(d)).

The sentencing hearing transcript in this case shows that the trial court applied the following enhancement factors to Lewter's convictions for burglary and theft:

(1)     The defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range;

. . . .

(6)     The personal injuries inflicted upon, or the amount of damage to property sustained by or taken from, the victim was particularly great;

. . . .

(8)      The defendant, before trial or sentencing, failed to comply with the conditions of a sentence involving release into the community;

. . . .

(13)     At the time the felony was committed, one (1) of the following classifications was applicable to the defendant:

. . . .

        (C)    Released on probation[.]

T.C.A. § 40-35-114(1), (6), (8), and (13)(C) (2006).

The trial court stated that he placed "enormous weight" on Lewter's "lengthy record[,]" which included a total of four felony convictions for failure to appear, driving while a habitual motor vehicle offender, credit card theft, and attempted burglary. Because only two of these convictions were necessary to establish him as a Range II offender, the remaining two felony convictions were considered part of his criminal history under enhancement factor (1). The court also considered Lewter's numerous misdemeanor convictions, which included six convictions for theft under $500, two convictions for public intoxication, ten convictions for writing worthless checks, one conviction for possession of a forged instrument, two convictions for assault, two convictions for casual exchange of drugs, one conviction for contributing to the delinquency of a child, one conviction for driving under the influence, one conviction for driving on a license that was suspended, cancelled, or revoked, and one conviction for a false report.

The trial court stated that it applied enhancement factor (6) because the dentist's office "was ransacked from top to bottom" with "a number of things damaged and destroyed [and there was] a great deal of disarray." See id. § 40-35-114(6) (2006). In addition, the trial court explained that it applied enhancement factor (8) because it "recall[ed] at least one probation violation" in Lewter's record. See id. § 40-35-114(8) (2006). Our review of the presentence investigation report shows that Lewter actually had two probation violations in his criminal history. The trial court also applied enhancement factor (13) because Lewter was on probation for a misdemeanor theft conviction at the time that he committed the offenses in this case. See id. § 40-35-114(13) (2006). The record supports the application of all of the aforementioned enhancement factors. The trial court then applied mitigating factor (13) because Lewter had a record of military service and had been honorably

discharged. Following the application of these factors, the trial court imposed maximum concurrent sentences of eight years for both of Lewter's convictions.

We reiterate that under the amended sentencing act, the trial court has broad discretion in sentencing a defendant:

> [Under the amended sentencing act] a trial court's weighing of various mitigating and enhancement factors has been left to the trial court's sound discretion. Since the Sentencing Act has been revised to render these factors merely advisory, that discretion has been broadened. Thus, even if a trial court recognizes and enunciates several applicable enhancement factors, it does not abuse its discretion if it does not increase the sentence beyond the minimum on the basis of those factors. Similarly, if the trial court recognizes and enunciates several applicable mitigating factors, it does not abuse its discretion if it does not reduce the sentence from the maximum on the basis of those factors. The appellate courts are therefore left with a narrower set of circumstances in which they might find that a trial court has abused its discretion in setting the length of a defendant's sentence.

Carter, 254 S.W.3d at 345-46. Upon review, we conclude that Lewter's effective sentence of eight years was not excessive. Accordingly, he is not entitled to relief on this issue.

**II.     Prosecutorial Misconduct.**     Lewter also contends that the State made inflammatory and improper remarks about him throughout its closing argument that denied his right to a fair trial by an impartial jury. Specifically, he claims that the State implied that he was "some sort of pond scum" and that his defense was "manure." He further asserts that the "defense stinks" message "permeated" the State's closing argument. Lewter argues that the prosecution's statements "prejudice[d] the jury to decide against [him] based on emotions, not to render a decision based on the facts."

In response, the State argues that Lewter has waived this issue because he failed to make a contemporaneous objection at trial. The State also erroneously argues that Lewter failed to raise this issue in his motions for new trial. Waiver aside, the State contends that the prosecutor's remarks do not constitute misconduct. Specifically, the State asserts that the "pond scum" remark referred to defense counsel's characterization of Dinah Justice and that the "defense stinks" remarks were merely a metaphor made in the context of the prosecution's rhetorical question to the jury regarding whether its own case "passed the smell test." The State asserts that the prosecution then extended this metaphor by asserting that the defense's claim that Ms. Justice's son committed the burglary was nothing more than "a red herring[,]" i.e., a bad-smelling fish. Finally, the State asserts that "the prosecutor's

reliance on olfactory imagery is nothing more than a rhetorical grace note that does not constitute misconduct." We agree with the State that prosecutorial misconduct did not occur in this case.

Initially, we agree that Lewter has waived this issue by failing to make a contemporaneous objection to the prosecutor's remark at trial. See Tenn. R. App. P. 36(a); State v. McPherson, 882 S.W.2d 365, 373 (Tenn. Crim. App. 1994); State v. Gregory, 862 S.W.2d 574, 578 (Tenn. Crim. App. 1993). However, we do not agree that Lewter waived this issue by failing to include it in his motions for new trial. Despite the State's arguments to the contrary, the record shows that Lewter did, in fact, include the issue of prosecutorial misconduct in his amended motion for new trial.

Waiver for failure to make a contemporaneous objection notwithstanding, we agree with the State that the prosecutor's remarks during closing argument do not constitute prosecutorial misconduct. The Tennessee Supreme Court has noted that "[c]losing argument is a valuable privilege that should not be unduly restricted." State v. Stephenson, 195 S.W.3d 574, 603 (Tenn. 2006) (citing State v. Bane, 57 S.W.3d 411, 425 (Tenn. 2001)). However, an attorney's comments during closing argument "'must be temperate, must be predicated on evidence introduced during the trial of the case, and must be pertinent to the issues being tried.'" State v. Gann, 251 S.W.3d 446, 459 (Tenn. Crim. App. 2007) (quoting State v. Sutton, 562 S.W.2d 820, 823 (Tenn. 1978)). The trial court has substantial discretion in controlling the course of arguments and will not be reversed unless there is an abuse of that discretion. Bane, 57 S.W.3d at 425. In addition, prosecutorial misconduct does not constitute reversible error absent a showing that it has affected the outcome of the trial to the prejudice of the defendant. Id. (citing Terry v. State, 46 S.W.3d 147, 156 (Tenn. 2001)). In order to be entitled to relief on appeal, the defendant must "show that the argument of the prosecutor was so inflammatory or the conduct so improper that it affected the verdict to his detriment." State v. Farmer, 927 S.W.2d 582, 591 (Tenn. Crim. App. 1996) (citing Harrington v. State, 385 S.W.2d 758, 759 (Tenn. 1965)). This court must consider the following factors when determining whether the argument of the prosecutor was so inflammatory or improper as to negatively affect the verdict:

1. The conduct complained of viewed in context and in light of the facts and circumstances of the case.

2. The curative measures undertaken by the court and the prosecution.

3. The intent of the prosecutor in making the improper statement.

4. The cumulative effect of the improper conduct and any other errors in the record.

-6-

5.  The relative strength or weakness of the case.

Judge v. State, 539 S.W.2d 340, 344 (Tenn. Crim. App. 1976).

Upon review, we conclude that the prosecutor's remarks did not affect the outcome of the trial to the prejudice of Lewter.  The prosecutor's "pond scum" remark referred to defense counsel's characterization of Dinah Justice, an individual who had already pleaded guilty to the offenses with which Lewter was charged in this case.  The remark was meant to show the jury that defense counsel was attempting to attack Ms. Justice with the hope of making Lewter appear innocent.  The prosecution's comparisons of Lewter's defense to "manure" as well as the "defense stinks" remarks were made in reference to whether the prosecution's case and Lewter's defense "passed the smell test." We conclude that these comments do not constitute prosecutorial misconduct.  Accordingly, Lewter is not entitled to relief on this issue.

## CONCLUSION

On remand, we affirm the judgments of the trial court as to the issues remanded for our review.

_____
CAMILLE R. McMULLEN, JUDGE