IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

September 7, 2017 Session

## STATE OF TENNESSEE v. MAURICE BAXTER aka MAURICE GROSS

**Appeal from the Criminal Court for Shelby County**
**No. 13-03895          James C. Beasley, Jr., Judge**

_____

### No. W2016-01088-CCA-R3-CD

_____

THOMAS T. WOODALL, P.J., concurring.

I write separately for the sole purpose of reiterating my belief that a prosecutor's error in arguments to a jury should not be designated as "prosecutorial misconduct" or other words of similar import. *See State v. Timothy McKinney*, No. 2016-00834-CCA-R3-CD, 2018 WL 1055719 (Tenn. Crim. App. Feb. 23, 2018), Woodall, dissenting.

The term "prosecutorial misconduct," or a similar designation, as it relates to statements made by a prosecutor during arguments to a jury, has been used in Tennessee Supreme Court cases at least as far back as 1965. *See Harrington v. State*, 215 Tenn. 338, 385 S.W.2d 758, 759 (1965) ("The argument and conduct of counsel has been discussed by this Court in a number of cases. . . . The general test to be applied is whether the *improper conduct* could have affected the verdict to the prejudice of the defendant.") (emphasis added).

In 1984, our supreme court held,

> We approve the factors adopted by the Court of Criminal Appeals in *Judge v. State*, 539 S.W.2d 340 (Tenn. Crim. App. 1976), to be considered in determining whether *prosecutorial misconduct* has affected the verdict to the prejudice of defendant and consequently amounts to reversible error.

*State v. Buck*, 670 S.W.2d 600, 609 (Tenn. 1984) (emphasis added).

The five factors set forth in *Judge* are as follows:

1.  The conduct complained of viewed in context and in light of the facts and circumstances of the case.

2. The curative measures undertaken by the court and the prosecution.

3. The intent of the prosecutor in making the improper statement.

4. The cumulative effect of the improper conduct and any other errors in the record.

5. The relative strength or weakness of the case.

*Judge v. State*, 539 S.W.2d 340, 344 (Tenn. Crim. App. 1976). In *Judge*, the erroneous argument was referred to as "improper conduct." *Id*.

In *State v. Cauthern*, 967 S.W.2d 726 (Tenn. 1998), the analysis section of the opinion which addressed the prosecutor's closing arguments was labeled "prosecutorial misconduct."

In 2003, addressing an issue of a prosecutor's argument, this court specifically gave a more definitive definition of erroneous arguments by a prosecutor by relying on American Bar Association standards of conduct. *State v. Goltz*, 111 S.W.3d 1, 6 (Tenn. Crim. App. 2003). The court specifically stated:

> It is impossible to set out in detail what can and cannot be said in closing argument. Various factors are involved in this determination including the facts of the particular case and oftentimes responses to argument of opposing counsel. In this regard, we find the AMERICAN BAR ASSOCIATION STANDARDS RELATING TO THE PROSECUTION FUNCTION AND THE DEFENSE FUNCTION helpful. Although these standards set forth objectives for professional conduct, they have, to a large degree, been adopted by our supreme court in case decisions and, to that extent, are directory.
>
> Within the closing argument, five general areas of prosecutorial misconduct are recognized:
>
> > 1. It is unprofessional conduct for the prosecutor intentionally to misstate the evidence or mislead the jury as to the inferences it may draw.
> >
> > 2. It is unprofessional conduct for the prosecutor to express his personal belief or opinion as to the truth or falsity of any

testimony or evidence or the guilt of the defendant. *See State v. Thornton*, 10 S.W.3d 229, 235 (Tenn. Crim. App. 1999); *Lackey v. State*, 578 S.W.2d 101, 107 (Tenn. Crim. App. 1978); TENN. CODE OF PROF'L RESPONSIBILITY DR 7-106(c)(4).

3.  The prosecutor should not use arguments calculated to inflame the passions or prejudices of the jury. *See Cauthern*, 967 S.W.2d at 737; *State v. Stephenson*, 878 S.W.2d 530, 541 (Tenn. 1994).

4.  The prosecutor should refrain from argument which would divert the jury from its duty to decide the case on the evidence, by injecting issues broader than the guilt or innocence of the accused under the controlling law, or by making predictions of the consequences of the jury's verdict. *See Cauthern*, 967 S.W.2d at 737; *State v. Keen*, 926 S.W.2d 727, 736 (Tenn. 1994).

5.  It is unprofessional conduct for a prosecutor to intentionally refer to or argue facts outside the record unless the facts are matters of common public knowledge.

STANDARDS RELATING TO THE PROSECUTION FUNCTION AND THE DEFENSE FUNCTION §§ 5.8 - 5.9 Commentary (ABA Project on Standards for Criminal Justice, Approved Draft 1971).

*Id*.

Factors 1, 2, and 5 in *Judge* begin with the words, "[i]t is unprofessional conduct . . ." Even though factors 3 and 4 do not begin with these explicit words, it is clear that the opinion concludes they also "set forth objectives for professional conduct."

I respectfully believe that, in hindsight, it was a mistake for this court to so define error by an attorney in his or her jury arguments in such explicit terms of unethical conduct. It is not the responsibility of this appellate court to hold, in effect, that an attorney has violated any of the Rules of Professional Conduct**.** *See* Tenn. Sup. Ct. R. 8. Indeed, it is the Tennessee Supreme Court, and the Board of Professional Responsibility of the Supreme Court of Tennessee, which have the sole authority to determine if ethical violations have been committed. Tenn. Sup. Ct. R. 9.

For this reason, I feel that errors by a prosecutor's improper arguments to a jury should be referred to only as "improper prosecutorial argument," with no more and no

less significance to ethical conduct than a trial court's ruling, including but not limited to a suppression motion or an evidentiary ruling on a hearsay objection. I am not aware of any ruling of this court wherein a trial court's error is defined in the term of "judicial misconduct."

Also, it seems to be quite unfair that only prosecutors are caught up in the net of having their erroneous arguments defined by an appellate court in terms which infer that an ethical violation has occurred. I am not aware of any opinion of this court labeling an improper argument by defense counsel as "defense attorney misconduct."

As cited above, our supreme court has used the term "prosecutorial misconduct" to describe prohibited arguments. However, in the unanimous opinion of our supreme court in *State v. Jackson*, 444 S.W.3d 554 (Tenn. 2014), a constitutionally prohibited argument by the prosecutor was not labeled as "prosecutorial misconduct." The improper remark by the prosecutor in that case was held to be non-structural constitutional error. It was a statement at the beginning of rebuttal argument, with attendant emotion and delivery by the prosecutor, that commented on the defendant's choice to exercise her constitutional right to not testify. The argument "implicitly encouraged the jury to view Defendant's silence as a tacit admission of guilt." *Id*. at 589. Although the erroneous argument was non-structural constitutional error, in reviewing the appropriate standard for determining whether error is reversible error or harmless error, the Court in *Jackson* also addressed the standard for non-constitutional error, which is the type of error in the case *sub judice*. I have meticulously reviewed the portion of the *Jackson* opinion addressing the issue regarding the prosecutor's erroneous jury arguments. In discussing both non-structional constitutional argument error *and* non-constitutional argument error, the Court defined the erroneous arguments as "improper prosecutorial argument" or "constitutionally impermissible," never using the term "prosecutorial misconduct." *Id*., 444 S.W.3d at 585-93; *Id*., n. 50 ("a defendant bears the burden of proving prejudice when prosecutorial argument is merely improper.")

The argument resulting in reversible error in *Jackson* was obviously unconstitutional comment on the defendant's choice to not testify. *Id*. at 585. In its opinion, our supreme court chose not to label this in the term of "prosecutorial misconduct." As stated above, the Court described it as both "improper prosecutorial argument" or as "constitutionally impermissible."

Consequently, under *Jackson*, I am comfortable not defining impermissibly erroneous or even constitutionally prohibited arguments by the State as "prosecutorial misconduct."

_____
THOMAS T. WOODALL, JUDGE