IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

DECEMBER 1998 SESSION

FILED

March 9, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 01C01-9802-CR-00073 |
| Appellee, | ) | |
| | ) | SUMNER COUNTY |
| VS. | ) | |
| | ) | HON. JANE WHEATCRAFT, |
| CHARLES A. CRENSHAW, a.k.a "BOO" | ) | JUDGE |
| | ) | |
| | ) | |
| Appellant. | ) | (Ineffective Assistance of Counsel) |

FOR THE APPELLANT:                    FOR THE APPELLEE:


BRENT HORST                           JOHN KNOX WALKUP
42 Rutledge St.                       Attorney General & Reporter
Nashville, TN 37210
        (On Appeal)                   KIM R. HELPER
                                      Asst. Attorney General
ROGER SINDLE                          Cordell Hull Bldg., 2nd Fl.
103 Bluegrass Commons Blvd.           425 Fifth Ave., North
Hendersonville, TN 37075              Nashville, TN 37243-0493
        (At Trial)
                                      LAWRENCE RAY WHITLEY
                                      District Attorney General


                                      DEE GAY
                                      Asst. District Attorney General
                                      113 West Main St.
                                      Gallatin, TN 37066


OPINION FILED:_____



AFFIRMED



JOHN H. PEAY,
Judge

**O P I N I O N**

On April 1, 1997, the defendant was found guilty by a jury of facilitation of the sale of cocaine and of possession of marijuana. The defendant was sentenced as a Range II multiple offender to a term of eight years for the facilitation of the sale of cocaine and a term of eleven months, twenty-nine days for the possession of marijuana. These sentences were to run consecutively and were to be served in the Tennessee Department of Correction. The defendant's subsequent motion for a new trial was denied by the trial court. The defendant now appeals and argues that he was denied the effective assistance of counsel. After a review of the record and applicable law, we find the defendant's contention to be without merit and thus affirm the judgment of the court below.

The defendant's convictions stem from his involvement with a sale of crack cocaine on February 2, 1996, to an informant working with the Sumner County Drug Task Force. The evidence at trial indicated that the defendant, while in Michael Everett's car, gave a quantity of crack cocaine to Eric Oldham. After dropping the defendant off, Mr. Everett and Mr. Oldham drove around the neighborhood. Mr. Oldham then sold the cocaine he received from the defendant to the confidential informant. After the sale, the informant returned to the drug task force location where he had been wired and searched before the sale. After the informant briefed the officers and gave them the purchased cocaine, the officers began to search for Mr. Everett's vehicle. Mr. Everett testified that after the sale to the informant, he and Mr. Oldham went to a friend's nearby residence. The defendant arrived shortly thereafter, at which point the defendant and Mr. Oldham went outside the residence for a few minutes. Mr. Everett, Mr. Oldham, and the defendant then left the residence and were spotted by police a few minutes later. After

2

the police initiated a traffic stop of Mr. Everett's car, the three men were searched. Upon searching the defendant, the police found six hundred fifty dollars ($650) in cash. After examining the cash, the police found that two of the twenty dollar ($20) bills were the bills used by the informant to purchase the cocaine from Mr. Oldham.[1] The police also found 1.3 grams of marijuana in the car.

The defendant now contends that his trial counsel was ineffective for several reasons. In reviewing the petitioner's Sixth Amendment claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney were within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim of ineffective counsel, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the defense. There must be a reasonable probability that but for counsel's error the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985).

The defendant claims that his trial counsel was ineffective for his failure to object to, and his own solicitation of, evidence of other bad acts and crimes committed by the defendant. Specifically, the defendant points to Mr. Everett's testimony, which referred to the defendant selling cocaine to various other people on the day Mr. Oldham sold the cocaine to the informant. The defendant claims that there was no connection between these earlier sales to other people and the sale to the confidential informant. The defendant contends that his trial counsel should have objected to the testimony.

---

[1] The police had photocopied the money given to the informant to buy the crack cocaine. As such, the police were able to identify the bills according to their serial number.

3

Tennessee Rule of Evidence 404(b) governs the admissibility of prior misconduct. It states,

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity with the character trait. It may, however, be admissible for other purposes. The conditions which must be satisfied before allowing such evidence are:
>> (1) The court upon request must hold a hearing outside the jury's presence;
>> (2) The court must determine that a material issue exists other than conduct conforming with a character trait and must upon request state on the record the material issue, the ruling, and the reasons for admitting the evidence; and
>> (3) The court must exclude the evidence if its probative value is outweighed by the danger of unfair prejudice.

Tenn. R. Evid. 404(b). However, there are exceptions to this rule. "[E]vidence of other crimes may be admissible to show (1) motive; (2) intent; (3) guilty knowledge; (4) identity of the defendant; (5) absence of mistake or accident; or (6) a common scheme or plan for commission of two or more crimes so related to each other that proof of one tends to establish the other." State v. Hoyt, 928 S.W.2d 935, 944 (Tenn. Crim. App. 1995) (citing Collard v. State, 526 S.W.2d 112, 114 (Tenn. 1975)); see also State v. Bordis, 905 S.W.2d 214, 227 (Tenn. Crim. App. 1995).

In the case at bar, the evidence of other bad acts referred to the defendant selling drugs to other people shortly before the sale to the informant. As this evidence tends to show that the defendant, who furnished the cocaine that Mr. Oldham ultimately sold to the informant, was involved in a common scheme to sell drugs, it was admissible as an exception to Tennessee Rule of Evidence 404(b). As such, the defendant's trial counsel did not err in failing to object to the introduction of the evidence. This contention is without merit.

The defendant next contends that he received the ineffective assistance of

4

counsel when his trial counsel elicited testimony from Mr. Everett that the defendant had, on several prior occasions, given Mr. Everett drugs.  The actual testimony is as follows:

> Q. Let me go over your testimony for you.  Your testimony was [the defendant] gave [you] [drugs] because [you] gave him a ride.  So you transported [the defendant] that day, right?
> A. Yeah, I did transport him that day, yes, sir.
> Q.  And in the past, have people like [the defendant], maybe [the defendant] himself or friends or acquaintances, have they given you some dope?
> A. Yes, sir.
> Q.  There is nothing unusual about that, is there?
> A.  No, sir.
> Q.  I really have a problem with this, too, and maybe you can help me.  Your testimony is, I'm riding along in the car with these people, or I'm in their acquaintance, and I'm not selling any dope; but [the defendant] gives to Mr. Oldham the dope and says, "Go sell this, and bring me the money back."  Now, did you ever give anybody dope and say, "Go sell this and bring the money back"?
> A.  No, sir.
> Q.  You never have done that?
> A.  No, sir.
> Q.  Why? Why wouldn't you do that?
> A.  No, sir.
> Q.  Why not?
> A.  I was too strung out, and I always smoked it.
> Q.  So that would be kind of unusual, wouldn't it, for somebody that is a user?
> A.  It would be unusual for somebody that was using, for the dope dealer to give the user the dope and thinking that he's going to go out and sell it.  More than likely, he's going to smoke it. . . .
> Q.  Mr. Oldham, is he a user?
> A.  I don't know . . . .
> Q.  Wait a minute.  How long have you known Mr. Oldham?
> A.  I've known Mr. Oldham a long time.
> Q.  You're telling the ladies and gentlemen you never saw him use drugs.  Think about that.
> A.  I have seen him use drugs.
> Q.  So now he is a user?
> A.  Yeah, he is somewhat of a user . . . .
> Q.   Mr. Everett, in all honesty, can you look at the . . . jury and you tell them this?  You don't think it was a little bit unusual about the fact of your testimony . . . . [The defendant] is going to give to a user some drugs and say, you know, go out and sell this, you know, and bring the money back?  You don't see anything unusual?
> A.  It is uncommon.

In light of this series of questions, it seems clear that the defendant's trial counsel was trying to raise doubt as to whether the defendant had given drugs to Mr. Oldham for

5

resale. This Court should not second-guess trial counsel's tactical and strategic choices unless those choices were uninformed because of inadequate preparation, Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982), and counsel should not be deemed to have been ineffective merely because a different procedure or strategy might have produced a different result. Williams v. State, 599 S.W.2d 276, 280 (Tenn. Crim. App. 1980). As it seems that trial counsel's strategy in this line of questioning was to impeach the credibility of the witness, we will not second-guess his tactics because another tactic might have produced a different result. In addition, even assuming that this line of questioning was due to inadequate preparation or fell below an objective standard of reasonableness, in light of the evidence against him, the defendant has failed to show that but for this error the result of the proceeding would have been different. Strickland, 466 U.S. at 687-88, 692, 694. As such, this contention is also without merit.

The defendant next contends that he received the ineffective assistance of counsel because his trial counsel did not object to Officer Bunch's testimony that indicated he knew the defendant "on sight" for most of his police career, that the defendant cussed and yelled at the time of his arrest, and that the defendant had always had that kind of attitude. However, the defendant's trial counsel specifically stated during cross-examination of Officer Bunch that there were some questions asked during direct examination to which he did not object because he wanted to go over them during cross-examination. The defendant's trial counsel then questioned the officer regarding the defendant's demeanor at the time of his arrest. Trial counsel made the point, and Officer Bunch agreed, that it is not unusual for people to become upset when they are arrested for a crime they did not commit. Once again, this is a matter of trial strategy. As this choice of strategy was not due to inadequate preparation and it did not fall below an objective standard of reasonableness, the defendant has failed to show that he received

6

the ineffective assistance of counsel. The defendant has also failed to show that any comments by Officer Bunch that he knew the defendant prior to this arrest had any prejudicial effect or that the result of the proceeding would have been different had his trial counsel objected to this testimony. This contention is also without merit.

The defendant finally contends that he did not receive the effective assistance of counsel because his trial counsel did not object to the prosecutor's comments during closing argument that the defendant is a "big kahuna," that the defendant had been selling drugs all day that day, and that providing marijuana "is the regular for [the defendant]." The defendant argues that these comments rise to the level of prosecutorial misconduct and his trial counsel's failure to object to these comments constitutes ineffective assistance of counsel.

When claiming prosecutorial misconduct, the defendant is required to show that the argument was so inflammatory or the conduct so improper that it affected the verdict to his detriment. Harrington v. State, 385 S.W.2d 758, 759 (Tenn. 1965). In reviewing an allegation of improper conduct, this Court should consider several factors including the intent of the prosecutor, the curative measures that were undertaken by the court, the improper conduct viewed in context and in light of the facts and circumstances of the case, the cumulative effect of the remarks with any other errors in the record, and the relative strength or weakness of the case. Judge v. State, 539 S.W.2d 340, 344 (Tenn. Crim. App. 1976).

In the case at bar, the prosecutor referred to the defendant as a "big kahuna" in an attempt to portray the defendant as the leader of a small scale drug ring. As for the statement that the defendant had been selling drugs all day that day and that

7

providing marijuana is "the regular" for him, the prosecutor was simply paraphrasing the testimony of Mr. Everett.  In light of this and the strength of the State's case against the defendant, the defendant has failed to show that the prosecutor's argument was so inflammatory or improper that it prejudiced the defendant.  Therefore, this contention is without merit.

In sum, we find that the defendant received the effective assistance of counsel.  Accordingly, we affirm the trial court's denial of the defendant's motion for a new trial.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
JOSEPH M. TIPTON, Judge

_____
NORMA McGEE OGLE, Judge